Elsie SCHROEDER, Virginia A. Bornhop Opferback, Elaine Herman, David E. Bornhop, and Gary J. Bornhop, Appellants,

v.

Harold DUENKE, Jr., Brian K. Duenke, Central Bancompany, Inc. d/b/a First National Bank of Audrain County, and Bradford A. Brett, Respondents.

No. ED 90666.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 19, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 9, 2008.

Edward C. Vancil, Saint Louis, MO, for appellants.

William L. Sauerwein, David P. Renovitch, Saint Louis, MO, for respondent.

## OPINION

GLENN A. NORTON, Judge.

Elsie Schroeder, Virginia Bornhop Opferback, David Bornhop and Gary Bornhop

("Appellants") appeal the trial court's judgment granting summary judgment in favor of Brian Duenke ("Respondent") and denying their cross motion for summary judgment. In the underlying case, Appellants brought claims against Respondent for specific performance and quiet title pursuant to a right of first refusal they held on a piece of property (the "Property") purchased by Respondent. The trial court granted summary judgment in favor of Respondent and denied Appellants' cross motion for summary judgment on the grounds that the transfer of the Property was akin to a gift, and was not based on a bona fide offer. We reverse and remand.

## I. BACKGROUND

On or about August 22, 1980, Appellants and other plaintiffs [1] (together, the "Sellers") conveyed title to the Property, a five-acre parcel of land at 593 Duenke Road, Foristell, St. Charles County, Missouri, to Harold and Eleanor Duenke by general warranty deeds. The Property was carved out of and contiguous with land retained by Sellers. On or about August 30, 1980, Harold and Eleanor Duenke granted Sellers a right of first refusal to purchase the Property, which provides in pertinent part:

Such right of refusals to purchase shall be in accordance with the following terms and conditions:

1. In the event Harold Duenke and Eleanor Duenke decide to sell same, and receive a bona fide offer to purchase the above-described real estate, which offer is acceptable to the said Harold Duenke and Eleanor Duenke, then, such offer of sales shall be submitted by the said Ha-

rold Duenke and Eleanor Duenke, husband and wife, to the aforementioned grantees, and such grantees shall have the right to purchase the above described five-acre tract according to the same conditions of said offer within thirty days of the receipt of said offer.

2. Said acceptance by grantees shall be in writing.

3. Said offer by Harold Duenke and Eleanor Duenke shall be sufficient if forwarded by certified mail, return receipt requested to David Bornhop as agent for all the grantees named herein.

The general warranty deeds conveying the Property and the right of first refusal were recorded with the St. Charles County Recorder of Deeds on September 5, 1980.

Harold and Eleanor Duenke lived on the Property with their family until their departure at some point prior to 1996. Their son, Respondent, continued to live on the Property rent-free. In 1996, Harold Duenke informed Respondent that he wanted Respondent to buy the Property. Harold and Eleanor Duenke did not list the Property for sale to the general public or hire an agent. An appraisal conducted on March 9, 1996 valued the Property at $125,000. Respondent testified in his deposition that he was aware of the appraised value of the Property at the time he made his offer, and that he thought the Property was worth even more than $125,000 because of "what ground was bringing around there." On April 10, 1996, Harold and Eleanor Duenke conveyed the Property to Respondent by general warranty deed for a purchase price of $85,000 (the "1996 Transfer"), which was

---

1. Plaintiffs to the original action included Appellants, Alvin Schroeder, William Bornhop, Elaine Bornhop, Pamela Bornhop, Ronald Bornhop, Rosemarie Bornhop and Ronald Opferback Bornhop. Appellants are the surviving parties who claim an interest in the Property.

the purchase price Respondent could afford. Respondent obtained financing from First National Bank of Audrain County for $60,000 of the $85,000 purchase price, and executed a deed of trust in favor of the bank.

Several years later, Respondent listed the Property on the open market. The Property was listed for $250,000. David Bornhop saw a "for sale" sign that had been placed on the Property, prompting him to check the public records and learn, to his surprise, that the record owner of the Property was Respondent and not Harold and Eleanor Duenke. Appellants contend that, had they known of the 1996 Transfer, they would have been able and willing to purchase the Property on the same terms. Harold Duenke testified, however, that he would not have sold the Property to Appellants, or to anyone other than his son.

Sellers sued for specific performance of the right of first refusal and quiet title. Respondent filed a motion for summary judgment praying that the action be dismissed as to all defendants.[2] Sellers filed a cross motion for summary judgment. The trial court denied Sellers' cross motion for summary judgment. The court granted summary judgment in favor of Respondent and, as to all defendants, dismissed Sellers' claims for specific performance and quiet title. The trial court found that these claims failed as a matter of law because the 1996 Transfer did not trigger the right of first refusal. Specifically, the court found that the 1996 Transfer was an "intra-familial transfer" akin to a gift, and that it was not based on a "bona fide offer" and "sale" because: (1) the Property was

not listed for sale on the open market; (2) Harold and Eleanor Duenke accepted whatever Respondent could afford; and (3) they accepted a price that was below fair market value so as to keep the Property in the family. The court characterized the 1996 Transfer as a donative gesture of familial devotion, and not the sort of "bona fide offer" and "sale" required to trigger Sellers' right of first refusal. Appellants filed this appeal.

## II. DISCUSSION

### A. The Trial Court Erred in Granting Summary Judgment in Favor of Respondent

In their first point on appeal, Appellants assert that the trial court erred in granting summary judgment in favor of Respondent on the grounds that: (1) the 1996 Transfer was akin to a gift; and (2) Respondent's offer to purchase the Property was not bona fide. We agree.

The standard of review for a trial court's grant of summary judgment is *de novo. ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is purely an issue of law, and the criteria for testing it on appeal are no different from those employed by the trial court in its initial determination to grant summary judgment. *Id.* We will reverse a grant of summary judgment where the record shows that there is a genuine issue of material fact and the moving party failed to establish that it was entitled to judgment as a matter of law. *Id.* at 377.

---

**2.** Respondent is the only defendant who moved for summary judgment in the trial court and who replied to Sellers' cross motion for summary judgment. At the time Respondent moved for summary judgment, the other defendants were Harold and Eleanor Duenke, First National Bank of Audrain County and Bradford Brett, Trustee on the deed of trust.

■ Under Missouri law, a right of first refusal, or preemptive right, requires the seller, when or if she decides to sell the stipulated piece of property, to first offer the property to the holder of the right, either at a stipulated price or at the price and on the terms the seller is willing to sell. *Barling v. Horn*, 296 S.W.2d 94, 98 (Mo.1956). Once the seller decides to sell the property, the holder of the right of first refusal has an option to purchase according to the terms of the agreement. *Kershner v. Hurlburt*, 277 S.W.2d 619, 623 (Mo.1955). Accordingly, per the terms of the agreement granting Sellers a right of first refusal, if Harold and Eleanor Duenke decided to sell the Property and received a bona fide offer that was acceptable to them, then they had a duty to grant Sellers the first option to purchase the Property on those terms.

## 1. The 1996 Transfer Was Not a Gift Nor Akin to a Gift

■ The trial court found that summary judgment in favor of Respondent was proper because the 1996 Transfer was an "intra-familial transfer" more akin to a gift than a sale, and therefore the first right of refusal was not triggered. We disagree.

■ Under Missouri law, a transfer of property by gift from one family member to another does not trigger a right of first refusal. *Hendricks v. Northcutt*, 820 S.W.2d 689, 692 (Mo.App. S.D.1991). The Missouri Supreme Court has defined an *inter vivos* gift as "a voluntary transfer of property by the owner to another, without any consideration or compensation as an incentive or motive for the transaction." *Wills v. Whitlock*, 139 S.W.3d 643, 653 (Mo.App. W.D.2004) (internal quotations omitted). A gift is "a voluntary and gratuitous assignment of something by one without compensation to another who takes it *without valuable consideration*."

*Id.* at 655 n. 14 (internal quotations omitted) (emphasis in original).

■ We find that the 1996 Transfer was not a gift nor akin to a gift. Respondent executed a deed of trust to First National Bank of Audrain County in order to finance $60,000 of the $85,000 purchase price. He paid $85,000 in consideration for the Property to Harold and Eleanor Duenke. Moreover, the general warranty deed executed in conjunction with the 1996 Transfer specifically recited that it was in exchange for valuable consideration. A recitation in a deed that real estate is conveyed in exchange for valuable consideration tends to disprove a theory of gift or consideration based upon love and affection. *Sebree v. Rosen*, 349 S.W.2d 865, 883 (Mo.1961).

The trial court relied on *Hendricks v. Northcutt* in its finding that the 1996 Transfer was more akin to a gift than a sale. But in that case, the transferee received the property from her mother "by way of gift," *for no consideration whatsoever*. 820 S.W.2d at 691. The transfer in *Hendricks* clearly fell within the definition of "gift" set forth by the Missouri Supreme Court in that it was a voluntary transfer made without any consideration. *See Wills*, 139 S.W.3d at 653. By contrast, the 1996 Transfer, made in consideration of $85,000, was not a gift.

Thus, under Missouri law, the trial court erred in granting summary judgment in favor of Respondent on the basis that the 1996 Transfer was akin to a gift.

## 2. Genuine Issues of Material Fact Exist as to Whether Respondent's Offer Was Bona Fide

The trial court found that summary judgment in favor of Respondent was proper because the 1996 Transfer did not constitute a bona fide offer to purchase as defined by law and contemplated by the

right of first refusal, and therefore that Sellers' right of first refusal was not triggered. We disagree.

#### a. Whether the Offer Was Bona Fide Is a Preliminary Question to Be Decided by the Finder of Fact

 Under Missouri law, a bona fide offer is one that is made in good faith, by a person with good judgment and acquainted with the value of the property, with sufficient ability to pay in cash, and based upon fair market value. *See State ex rel. State Highway Commission of Missouri v. Pfizer, Inc.*, 659 S.W.2d 537, 542 (Mo.App. E.D.1983) (setting forth the test for determining whether an offer is bona fide). The bona fide character of the offer is a preliminary question which must be decided by the finder of fact. *Id.* at 541. Accordingly, it was improper for the trial court to grant summary judgment in favor of Respondent before a proper trial was held on this issue.

#### b. A Genuine Dispute Exists as to Whether Respondent's Offer Was Bona Fide

 Moreover, the trial court found that the 1996 Transfer did not constitute a bona fide offer because Harold and Eleanor Duenke chose to sell the Property to Respondent for a price he could afford, without placing it on the open market, and in order to keep it in the family.

 A bona fide offer, as defined by Missouri law, does *not* require that the property in question is or has been placed on the open market, nor is it negated by the parties' desire to keep said property in the family. *See State ex rel. State Highway Commission of Missouri, supra.* Thus, these were improper grounds upon which to find that there was no bona fide offer sufficient to trigger the right of first

refusal and therefore grant summary judgment in favor of Respondent.

 A bona fide offer *does*, on the other hand, require that the offer is based on fair market value. *See State ex rel. State Highway Commission of Missouri*, 659 S.W.2d at 542. Our review of the record reveals a genuine dispute as to whether or not Respondent's offer was based on the Property's fair market value.

 "Circumstantial evidence is viewed no differently from direct evidence when determining whether there was a genuine issue as to any material fact so as to preclude summary judgment." *Daniels v. Senior Care, Inc.*, 21 S.W.3d 133, 139 (Mo.App. S.D.2000). "A party's knowledge, intent, motive, and the like are 'elusive facts,' and '[s]ummary judgment is rarely appropriate in these types of cases in which the facts must in nearly every case be proven by circumstantial evidence.'" *Smith v. Aquila, Inc.*, 229 S.W.3d 106, 124 (Mo.App. W.D.2007) (internal quotations omitted). Intent is proven by circumstantial evidence in nearly every case, and failure to provide direct evidence of such intent is an improper basis for summary judgment. *Butler v. Mitchell–Hugeback, Inc.*, 895 S.W.2d 15, 20 (Mo.1995).

There is an abundance of circumstantial evidence in the record showing that granting summary judgment in favor of Respondent on the basis that the 1996 Transfer did not constitute a bona fide offer because it was not based on fair market value was improper. First, on April 10, 1996, Harold and Eleanor Duenke executed a general warranty deed conveying the Property to Respondent in exchange for $85,000. Just weeks before, on March 9, 1996, an appraisal was conducted valuing the Property at $125,000. Second, Respondent's deposition indicates that he knew about the appraisal at the time he made his offer,

and he said he thought the Property was worth even more than $125,000 because of "what ground was bringing around there." Third, Harold Duenke's deposition shows that he knowingly transferred the Property to Respondent for a fraction of its fair market value because he wanted him to have it and therefore "priced it to what [Respondent] could afford."

Based on the foregoing evidence, whether or not the offer in this case was based on the Property's fair market value must be determined by the finder of fact. The fact that Harold and Eleanor Duenke wanted their son to have the Property and priced it to what he could afford does not necessarily preclude a finding that the price offered was based on the Property's fair market value. The evidence suggests and common sense dictates that the price was set with at least some reference to its fair market value or, in Respondent's words, "what ground was bringing" in the area. The parties specifically sought out a determination of the Property's fair market value by way of obtaining an appraisal on the Property just weeks before the sale, which supports the inference that they used the fair market value to arrive at the price Respondent would pay. Moreover, the testimony that Harold and Eleanor Duenke would not have sold the Property to a third party, even for the appraised value of $125,000, establishes only that they did not want to sell the Property to anyone other than their son; it does *not* establish that Respondent's offer to purchase for $85,000 was not based upon the fair market value.

The purpose of summary judgment under Missouri law is to identify cases in which there is no genuine dispute as to facts and the facts as admitted show that the movant has a legal right to judgment as a matter of law. *ITT*, 854 S.W.2d at 380. "[W]here the trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, summary judgment is not proper." *Id.* at 378. In this case, the record raises a genuine dispute as to whether or not the 1996 Transfer was based on the Property's fair market value, which is an element of a bona fide offer to be resolved by the finder of fact. *See State ex rel. State Highway Commission of Missouri*, 659 S.W.2d at 541–2.

■■ Furthermore, the remaining elements of a bona fide offer must also be resolved by the finder of fact. These additional elements are that the offer is made in good faith, by a person with good judgment and acquainted with the value of the property, with sufficient ability to pay in cash. *See id.* It appears from the record that there is no factual dispute as to whether Respondent was acquainted with the value of the Property at the time of the 1996 Transfer and as to whether the sale of the Property was made in cash. However, we recognize that the determination of whether the elements of a bona fide offer are met involves factual issues which may be developed further by the parties upon remand. *See id.*

### 3. Conclusion

As set out above, the trial court erred in granting Respondent's motion for summary judgment because: (1) the 1996 Transfer was not a gift nor akin to a gift, and (2) genuine issues of material fact exist as to whether Respondent's offer was bona fide. Point one is granted.

### B. Genuine Issues of Material Fact Exist that Preclude Appellants from Being Entitled to Judgment as a Matter of Law on Their Cross Motion for Summary Judgment

In their second point on appeal, Appellants assert that the trial court erred in

denying their cross motion for summary judgment. We disagree.

■ Generally, an order denying a party's motion for summary judgment is not a final judgment and is therefore not subject to appellate review. *Hussmann Corp. v. UQM Electronics, Inc.*, 172 S.W.3d 918, 922 (Mo.App. E.D.2005). However, the denial of a motion for summary judgment may be reviewable when, as in this case, the merits of the motion for summary judgment are "intertwined with the propriety of an appealable order granting summary judgment to another party." *See id.* We review Appellants' cross motion for summary judgment under this standard.

Consistent with the discussion above, we find that the grounds upon which the trial court denied Appellants' cross motion for summary judgment were in error. However, this does not mean that the trial court should have granted Appellants' cross motion for summary judgment. Genuine issues of material fact exist that preclude Appellants from being entitled to judgment as a matter of law. Point two is denied.

### III. CONCLUSION

We find that the 1996 Transfer was not a gift nor akin to a gift and that there are genuine issues of material fact as to whether or not Respondent's offer was bona fide. Accordingly, we reverse the trial court's judgment granting summary judgment in favor of Respondent and its dismissal of Appellants' claims, and we remand for further proceedings not inconsistent with this opinion.

ROY L. RICHTER, P.J., and
CLIFFORD H. AHRENS, J., concur.