BLUE RIDGE BANK AND TRUST
CO., Respondent,

v.

Rhonda TROSEN, et al., Respondents,

Randy and Nancy Hanson, Appellants.

No. WD 69880.

Missouri Court of Appeals,
Western District.

Feb. 9, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 2010.

Application for Transfer Denied
May 25, 2010.

Mark Bredemeier, for Appellants.

John Brady, for Respondent Blue Ridge Bank.

Before Division Two: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and MARK D. PFEIFFER, Judge.

JOSEPH M. ELLIS, Judge.

Randy and Nancy Hanson appeal from a judgment entered in the Circuit Court of Jackson County in an interpleader action originally filed by Blue Ridge Bank and Trust ("the Bank") related to a piece of real property located on Lake Lotawana in Jackson County. The Hansons contend that the trial court improperly found that their preemptive right to purchase the property had been waived. They also challenge the trial court's conclusion that the restrictive covenant created an unreasonable restraint on the alienation of the property. For the following reasons, the judgment is affirmed.

Ownership of the piece of property at issue, Lot W–2 on Lake Lotawana, rests with the Donald L. Allen Revocable Trust. The Bank assumed the role of trustee of that trust following Mr. Allen's death in 2004. Respondents Rhonda Trosen and Donald Allen Jr. are the adult children of Donald Allen Sr. and beneficiaries of the trust.[1] Following Mr. Allen's death, Trosen and Allen and their respective spouses sought to purchase Lot W–2, which had not been bequeathed to any trust beneficiary, from the trust. The provisions of the trust granted the Trustee discretion to sell, convey, transfer, or lease the property and "in general to deal otherwise with the trust property in such manner, for such prices, and on such terms and conditions as any individual might do as outright owner of the property."

Lot W–2 and all other pieces of property on Lake Lotawana are governed by restrictive covenants. The provision at issue in this case is the right of first refusal found in the covenants, which provides:

No sale, contract to sell, or conveyance of the real estate herein described shall be made or consummated without first giving at least fifteen (15) days written notice to Grantor [Lake Lotawana Association, Inc.], and to the owners of the two side adjoining lots, of the proposed sale price and terms thereof; and thereupon the Grantor and/or either of the side adjoining lot owners shall have the first and prior right, option, and privilege during said period of fifteen (15) days to buy said real estate at the same price and upon the same terms.

The Hansons own one of the two lots adjacent to Lot W–2.

In October 2004, the Bank obtained an appraisal for Lot W–2, which determined its market value to be $135,000. On February 3, 2005, the Hansons contacted the Bank and asked for the appraised value of the property. After receiving that information, the Hansons offered to purchase the property for the appraised value.

---

1. Respondent Mark Trosen is Rhonda Trosen's husband, and Respondent Amy Allen is Donald Allen Jr.'s wife.

When Respondents were informed of the Hansons' offer, they counter-offered to purchase the property for $135,500. The bank relayed that information to the Hansons and asked if they had a counteroffer of their own. The Hansons stated that they would not bid further on the property. A contract for the purchase of the property for $135,500 was then executed between Respondents and the trust.

On February 23, 2005, the Hansons sent a letter to the Bank stating their intent to exercise their right to purchase Lot W–2 pursuant to the provisions of the restrictive covenants. They asked the Bank to modify the closing date to comply with the fifteen day notice provision of the covenant and also asked the bank to confirm the selling price and terms of the contract. On March 1, 2005, counsel for the Hansons sent a letter to the Bank demanding that the Bank "cease and desist from the sale, contract to sell or conveyance of [Lot W–2] in breach of the violation of the Restrictions and the Hansons' right of first refusal."

On March 4, 2005, the Bank filed a petition for interpleader and declaratory relief in the Circuit Court of Jackson County asking the court to determine the proper buyer for the property. The Hansons subsequently filed an answer and counter-claim against the Bank for declaratory relief and specific performance. They also filed a cross-claim against Respondents for declaratory relief. In answer to the petitions, Respondents asserted that the restrictions were unenforceable and had been waived.

The case was tried to the circuit court, which ultimately found that the Hansons had waived their preemptive right when they told the Bank that they would not bid more than $135,000 on the property. On appeal, this Court held that the Hansons had not waived their preemptive right and

had properly executed that right. *Blue Ridge Bank & Trust Co. v. Trosen*, 221 S.W.3d 451, 462–63 (Mo.App. W.D.2007) ("*Trosen I*"). We remanded the case for determination of all remaining issues.

On remand, following an evidentiary hearing, the trial court entered its judgment in favor of Respondents. The court found that the preemptive right covenant had been waived by the Lake Lotawana Association with regard to all intra-family transfers of property. The court also concluded that the covenant, as written, posed an unreasonable restraint on the alienation of the property. The Hansons bring four points on appeal.

■■■ As in any court tried case, we review the trial court's judgment under the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Id.* at 457. "Accordingly, the judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *McNabb v. Barrett*, 257 S.W.3d 166, 169 (Mo.App. W.D.2008) (internal quotation omitted). "We view the evidence, and permissible inferences therefrom, in the light most favorable to the trial court's judgment, and we disregard all contrary evidence and inferences." *Brown v. Mickelson*, 220 S.W.3d 442, 447 (Mo.App. W.D.2007) (internal quotation omitted). "We defer to the trial court's factual findings, giving due regard to the trial court's opportunity to judge the credibility of the witnesses." *Id.* (internal quotation omitted). This court "is primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result. Thus, the judgment will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Trosen I*, 221

S.W.3d at 457 (internal quotation and citation omitted).

In their first point, the Hansons claim that the trial court erroneously declared and applied the law in finding that the sale of the property from the trust to Respondents was an intra-family transfer for which the Lake Lotawana Association had waived the preemptive right contained in the covenant. They claim that the Association cannot be deemed to have waived their personal right of first refusal of the individual property owners as to intra-family or any other transfers. They further assert that this transaction cannot be viewed as an intra-family transfer because the Bank, as successor trustee, is not related to Respondents. In their second point, the Hansons claim the judgment is against the weight of the evidence for the same reasons.

■■■ We first address whether the trial court erred in finding that the Association had waived the preemptive right with regard to intra-familial transfers of property. As noted in our prior opinion, lawfully recorded restrictive covenants govern all real property situated at Lake Lotawana, and one of those covenants affords the Association and adjoining land owners with a preemptive right when a property owner seeks to sell or otherwise convey the property to a new owner. *Id.* at 454.

Under Missouri law, a right of first refusal, or preemptive right, requires the seller, when or if she decides to sell the stipulated piece of property, to first offer the property to the holder of the right, either at a stipulated price or at the price and on the terms the seller is willing to sell.

*Schroeder v. Duenke,* 265 S.W.3d 843, 847 (Mo.App. E.D.2008). "The preemptive right is merely contingent until the owner arrives at a decision to sell the property, at which point the preemptive right ripens into a full option." *McNabb,* 257 S.W.3d at 170 (internal quotation omitted).[2]

■■■ "A restrictive covenant [like the preemptive right at issue herein] may be waived and abandoned by a conscious acquiescence as evidenced by persistent violations of the covenant." *Mackey v. Griggs,* 61 S.W.3d 312, 318 (Mo.App. S.D. 2001). "It can also be waived by failure to object to violations of the restriction." *Id.* "The violation must be widespread to constitute waiver or abandonment and it must be so general as to indicate an intention or purpose to abandon the scheme intended to be maintained by the restriction." *Id.* Waiver of restrictive covenants may be accomplished through the action or inaction of a home owners' association. *See Lake St. Louis Cmty. Ass'n v. Kamper,* 503 S.W.2d 447, 449–50 (Mo.App. E.D. 1973) (holding that home owners' association had waived a restriction on signage by consistently allowing builders to post signs during construction and even provided signs for builders to post); *see also Kling v. Taylor–Morley, Inc.,* 929 S.W.2d 816, 820–21 (Mo.App. E.D.1996) (noting that home owners' association's waiver of a single family home restriction in one specific instance for a condominium structure was not so widespread or general that it would constitute a waiver for the entire subdivision); *see also Trosen I,* 221 S.W.3d at 463 (remanding cause for a determination of whether a covenant providing for a preemptive right had been waived by the home owners' association after having determined that the Hanson's had not waived

***

**2.** "Under Missouri law, a transfer of property by gift from one family member to another does not trigger a right of first refusal."

*Schroeder,* 265 S.W.3d at 847. The transfer in this case, however, is clearly not a gift.

the preemptive right individually). The burden of proving waiver of a restrictive covenant in a subdivision's indentures rests with the party asserting waiver. *McNabb*, 257 S.W.3d at 170. However, "[b]ecause waiver and abandonment is an equitable defense, few rules can be generally applied and each case is decided upon its own facts." *Mackey*, 61 S.W.3d at 318.

The deposition of Howard Chamberlain was introduced into evidence at trial. Chamberlain was a former president of the board of directors for the Association, a long-time member of the board of directors, and a resident at Lake Lotawana since 1971. Chamberlain testified that it was the practice of the Association and adjoining land owners not to exercise preemptive rights where the transfer of property was between family members. He further stated that he was unaware of any instance in which this was not the case.

Frances Grossman, a former member of the board of directors and long-time administrator for the Association, who kept track of sales at Lake Lotawana, testified at trial that it was the established policy of the Association that preemptive restrictions did not apply to intra-family transfers of property. Grossman testified that she told homeowners involved in intra-family transfers that waivers were not required. A letter sent from Grossman to a local attorney in 1997 was entered into evidence that stated:

> It has never been our policy to require waivers when properties are transferred among family members, as it is usually the intent of the owner to keep these properties within the family. This is only fair as the terms are usually somewhat better than fair market value, and it is not the intention of the owner to sell on the open market.

Rhonda Trosen testified that, prior to entering into the sales contract, she was specifically informed by two members of the board of directors for the Association that waivers were not necessary for transfers of property within the family.

Viewed in accordance with our standard of review, the foregoing evidence supports the trial court's finding that the Association and its members had waived their preemptive rights related to intra-family transfers of property through their repeated comments and actions in allowing persistent violations of the provision over an extended period of time. *See Lake St. Louis*, 503 S.W.2d at 449 (holding that covenant prohibiting signage had been waived with regard to temporary signs displayed by builders where the homeowners' association had allowed this practice for years without voicing objection and had even furnished builders with signs); *Mackey*, 61 S.W.3d at 318–19 (holding that property owners in subdivision had waived restrictive covenant mandating that the land be used solely for residential purposes where the majority of lots in the subdivision had previously been used for non-residential purposes without objection).

In claiming that the trial court's decision is against the weight of the evidence, Appellants challenge the credibility of the testimony presented by Respondents and the weight afforded to that testimony by the trial court. Appellants also point to testimony offered by other witnesses that could have supported a contrary conclusion. In a court tried case, however, this Court must "defer[ ] to the trial court's determination of the credibility of witnesses and the weight to be given to their testimony." *Murphy v. Holman*, 289 S.W.3d 234, 237 (Mo.App. W.D.2009). Moreover, "[a]s the trier of fact, the trial court ... is free to believe all, some, or

none of the testimony of [any] witness." *Repair Masters Constr., Inc. v. Gary*, 277 S.W.3d 854, 857 (Mo.App. E.D.2009). It is of no consequence that the evidence might have supported a contrary conclusion by the trial court. Affording the trial court the proper level of deference, the evidence presented at trial sufficiently supports the trial court's finding of waiver and that finding is not against the weight of the evidence.

 As noted *supra*, the Hansons further argue that even if the Association and its members waived their preemptive rights as to intra-family transfers, the trial court nevertheless erred in finding the transaction in this case to be intra-family because the Bank, as successor trustee, is not related to Respondents. The Hansons cite to no authority for this argument,[3] and in effect refute their own contention by conceding that the transaction would have been an intra-familial sale had it occurred while Donald L. Allen, Sr., was still living and serving as trustee. Thus, the crux of their argument is not that the trust owns the property, and because it is unrelated to Respondents, the transaction is not intra-familial. Rather, they contend the sale does not qualify because the successor trustee is unrelated to Respondents.

 The Hansons' focus on the identity of the trustee to determine the intra-familial character of the sale is misplaced. The trial court found that the Association, in waiving family transactions, "looked beyond formalities ... to the true nature of [the] conveyance." This finding is supported by the evidence. Grossman testified that, whether by will or sale, waivers were not required because the transaction was between family members. Chamberlin similarly testified that the right of first refusal was not intended to cover any transfers to family members, and it didn't matter whether it was by gift, contract to sell, or otherwise. Charles Keller testified that when he acquired property from his father's trust, waivers were not required. Moreover, the record reflects that the waiver even applied when property was transferred between separate family trusts. As we have noted *supra*, each case involving waiver must be decided on its own facts. *Mackey*, 61 S.W.3d at 318. Viewing the evidence in the light most favorable to the trial court's judgment, as we must, the trial court's finding that the successor trustee's sale to the Respondents qualified as an intra-family transaction is supported by substantial evidence and is not erroneous.[4] Points I and II are denied.

3. This would be sufficient, in and of itself, to reject the contention. "In an appeal, the movant has the burden to establish error that warrants relief through adequate points and arguments. This burden shall not be shifted to the appellate court." *Giles v. Riverside Transp., Inc.*, 266 S.W.3d 290, 297 (Mo.App. W.D.2008) (internal quotation omitted); *see also, Boswell v. Steel Haulers, Inc.*, 670 S.W.2d 906, 912 (Mo.App. W.D.1984) ("As to this point, respondent has provided this court with one-half page of argument in its brief and has cited no authority or rationale to support the contention. We deem the point abandoned.").

4. Although the issue was not raised by the parties, we note that had the trial court reached a different conclusion, it would have been contrary to the law of the case. That doctrine "provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal." *Walton v. City of Berkeley*, 223 S.W.3d 126, 128–29 (Mo. banc 2007) (internal quotation omitted). Implicit in our decision in *Trosen I* is a holding that the sale by the successor trustee to Respondents was an intra-family transfer. Were it not, we would not have found the need to remand the case for the trial court to "address other contentions raised by the parties, such as the contention raised by the Trust

Having reached this conclusion, we need not address Appellants' remaining points challenging the trial court's conclusion that the restrictive covenant, as written, constituted an unreasonable restraint on the alienation of Lake Lotawana properties.

The judgment is affirmed.

All concur.

Beneficiaries that the Restrictions did not apply to intra-family transfers or that the Association has waived the restrictions as to intra-family transfers." *Trosen I,* 221 S.W.3d at 463. Had the undisputed fact that the bank and Respondents were not related been determinative of this issue as a matter of law, this Court would have had no reason to remand the case to address these issues.