Vonda GOINES, Appellant,

v.

MISSOURI DEPARTMENT OF SO-
CIAL SERVICES, FAMILY SUP-
PORT AND CHILDREN'S DIVISION,
Respondent.

No. WD 73822.

Missouri Court of Appeals,
Western District.

Feb. 28, 2012.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 27, 2012.

Application for Transfer
Denied May 29, 2012.

Christopher R. Mirakian, for Appellant.
Doug Leyshock, for Respondent.

Before Division Two: GARY D. WITT, Presiding Judge, JOSEPH M. ELLIS, Judge and MARK D. PFEIFFER, Judge.

JOSEPH M. ELLIS, Judge.

Vonda Goines appeals from the denial of her request for an award of attorney's fees after the Circuit Court of Cole County found in her favor in a declaratory judgment action filed against the Department of Social Services, Family Support and Children's Division ("DSS"). The underlying facts found by the trial court are not disputed on appeal and reflect the following.

In October 1998, DSS opened an investigation into a report that Appellant's chil-

dren had been abused by her then husband, Robbie Medellin, and that Appellant had negligently failed to stop that abuse. Subsequently, without providing Appellant with notice as required by § 210.152, DSS placed Appellant's name on the State of Missouri Child Abuse and Neglect Registry ("the Registry"). Pursuant to that statute, the DSS should have provided Appellant with a Form CS–21 notice that probable cause had been found to believe that she had abused or neglected her children. That form also explains how to challenge that finding in a hearing before the Child Abuse and Neglect Review Board ("the CANRB").

In November 2006, Appellant first learned that she was listed on the Registry. Within a reasonable time thereafter, Appellant contacted the State requesting information regarding why her name was on the Registry and how she could have her name removed. The State told Appellant to hire an attorney.

Appellant obtained counsel, and, in response to counsel's efforts, the State eventually produced the "entire file" related to Appellant's listing on the Registry. That file did not contain a properly completed Form CS–21. Despite Appellant's continued requests, the State failed to either produce proof that she had been sent notice that her name was being placed on the Registry or to remove her name from the Registry or grant her a hearing with the CANRB.

On March 9, 2009, Appellant filed the present declaratory judgment action in the Circuit Court of Cole County seeking a declaration that her right to due process had been violated and that she should never have been placed on the Registry. Appellant also requested appropriate injunc-

tive relief.[1] On September 10, 2009, the State produced an unsigned Form CS–21 indicating that probable cause had been found against Appellant.

The case was tried to the court on March 2, 2010. The trial court subsequently entered its judgment finding that, "while the State may have intended to make a determination that probable cause existed, there is no credible evidence that the State actually made that determination evidenced by a formally executed CS–21 nor if they did, did they actually mailed [sic] notice of such a finding to [Appellant]." The Court found that Appellant had not received proper notice of any probable cause finding. The trial court concluded that the State had violated Appellant's right to due process by placing her name on the Registry without having informed her of the probable cause finding or her right to appeal her listing to the CANRB. The trial court further concluded that the State's position in opposing Appellant's petition was not substantially justified.

The trial court ordered the State to immediately remove Appellant's name from the Registry. The court allowed the State thirty days to serve Appellant with a properly executed CS–21 or be forever barred from listing Appellant on the Registry related to the events of 1998.

Subsequently, the trial court took up Appellant's request for an award of attorney's fees. On March 7, 2011, the court entered its judgment denying that request. The court concluded that Appellant was not entitled to attorney's fees under § 536.087 because the action did not arise from an agency proceeding. In addition, the court found that sovereign immunity otherwise precluded an award of attorney's fees.

---

1. Appellant also sought a monetary award for violation of her right to due process, but that count was denied by the trial court.

On appeal, Appellant contends that the trial court erred as a matter of law in determining that attorney's fees were not authorized by § 536.087 and in concluding that sovereign immunity generally barred an award of such fees. As to sovereign immunity, Appellant argues: (1) that attorney's fees are recoverable under § 105.711 and, therefore, sovereign immunity has been waived by the state and (2) that sovereign immunity does not apply to legal or equitable remedies where the State has deprived an individual of due process or equal protection. Appellant also argues that the "American Rule" does not preclude an award of attorney's fees because the "very unusual circumstances" exception to that rule applies.

"As in any court tried case, we review the trial court's judgment under the standard of review established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)." *Blue Ridge Bank & Trust Co. v. Trosen*, 309 S.W.3d 812, 815 (Mo. App. W.D.2010). "Accordingly, the judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.* (internal quotation omitted). Where, as here, the relevant facts are not disputed, "the only issue for appellate review is whether the trial court drew the proper legal conclusions from those facts." *State ex rel. Nixon v. Jordan*, 258 S.W.3d 529, 531 (Mo.App. W.D. 2008). "This court is primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result. Thus, the judgment will be affirmed if cognizable under

any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Trosen*, 309 S.W.3d at 815 (internal quotation omitted).

As to the trial court's conclusion that sovereign immunity barred any award of attorney's fees, the parties briefs, the trial court's judgment, and many of the cases cited by the court and the parties "reflect[ ] a fundamental, but not uncommon, confusion of the doctrine of sovereign immunity from liability in tort with the separate, but related, doctrine that the sovereign cannot be sued without its consent." *Kubley v. Brooks*, 141 S.W.3d 21, 29 (Mo. banc 2004). Sovereign immunity, as reflected in § 537.600, relates solely to the State's sovereign immunity from liability in tort. *Id.* In any case involving non-tort claims, "an enabling statute's provision that the agency can 'sue or be sued' is sufficient to constitute a consent to suit." *Id.* at 30.

Section 207.020 defines the powers of the Family Support and Children's Division and grants it the power "to sue and be sued." *See also Gerken v. Sherman*, 351 S.W.3d 1, 11 (Mo.App. W.D.2011). Accordingly, with regard to Appellant's non-tort claims for declaratory judgment and injunctive relief, sovereign immunity has, indeed, been waived. *Kubley*, 141 S.W.3d at 30.

This does not, however, establish that an award of attorney's fees would have otherwise been proper. "Generally, with regard to awards of attorney's fees and costs, Missouri courts adhere to the 'American Rule,' which provides that each litigant should bear his or her own expenses."[2] *Hinton v. Director of Revenue*,

---

2. In its judgment denying attorney's fees, the trial court stated, "While this would be a case in which the American Rule would apply, sovereign immunity precludes an award of fees against a state agency." Thus, it is unclear whether the trial court found attorney's

fees inappropriate under both the American Rule and sovereign immunity or if the trial court meant to say that an exception to the American Rule would otherwise apply. The intent of the trial court in this regard need not

21 S.W.3d 109, 112 (Mo.App. W.D.2000). "Exceptions, however, are made where the fees are permitted by statute or contract, where very unusual circumstances exist so it may be said equity demands a balance of benefits, or where the fees result from an individual being involved in collateral litigation." *Gerken*, 351 S.W.3d at 13 (internal quotation omitted). In addition, an exception has been recognized in "special circumstances" where a party's conduct is "frivolous, without substantial legal grounds, reckless or punitive." *Goralnik v. United Fire & Cas. Co.*, 240 S.W.3d 203, 211 (Mo.App. E.D.2007) (internal quotation omitted); *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 507 (Mo. App. W.D.2005). Appellant claims that attorney's fees were allowable in this case based upon the statutory, "very unusual circumstances," and "special circumstances" exceptions.

While Appellant contends that § 536.087 and § 105.711 authorize the recovery of attorney's fees, she is wrong on both counts. "Insofar as relevant here, § 536.087.1 provides for an award of fees *only* in 'an agency proceeding or civil action arising therefrom,'" and an "'[a]gency proceeding' means an adversary proceeding in a contested case ... in which the state is represented by counsel." *Painter v. Missouri Comm'n on Human Rights*, 251 S.W.3d 408, 410 (Mo.App.

W.D.2008). Accordingly, Section 536.087 "limits the right to attorneys fees and expenses to only a subset of 'contested cases'; fees and expenses are only available in 'an adversary proceeding in a contested case ... in which the state is represented by counsel.'" *Id.* (emphasis omitted). The finding of probable cause by DSS was not the result of "an adversary proceeding in a contested case." Likewise, the CANRB hearing that Appellant could have requested to review the probable cause determination would not have been a contested case. "[A] CANRB hearing is not an 'adversary proceeding in a contested case' and therefore is not an 'agency proceeding.' Thus, section 536.087 does not authorize an award of fees, expenses, or costs to the prevailing party in a CANRB hearing or a civil action arising therefrom." *Lipic v. State*, 93 S.W.3d 839, 843 (Mo.App. E.D.2002). We decline Appellant's invitation to reconsider the established case law on this issue. An award of attorney's fees was not authorized by § 536.087 under the facts of this case.[3]

■ As to § 105.711, which establishes the Legal Expense Fund, Appellant failed to make a claim to the trial court that attorney's fees could be awarded pursuant to that statute and has, therefore, failed to preserve this issue for appeal. We gratu-

---

be determined, however, as further discussed *infra*, the American Rule does not allow for an award of attorney's fees in this instance.

3. This may well be an issue that the Legislature may wish to address. As noted in the main body, and conceded by all parties, based on the current statutory scheme, neither the finding of probable cause by DSS, nor a CANRB hearing to review such a probable cause determination, is a "contested case" for purposes of § 536.063, or an "agency proceeding" pursuant to § 536.087. Yet, as the State acknowledged at oral argument, the determination to list a person on the Child

Abuse and Neglect Registry has very significant, wide-ranging, and detrimental consequences for such person. Moreover, many, if not most, people would lack the financial means to retain counsel and pursue removal of one's name from the Registry as was done in this case. Under such circumstances, it seems unfair at the very least that State personnel can improperly list a person's name on the Registry, and the average citizen can do nothing about it because they can't afford the legal fees necessary to correct the record. Moreover, there are no adverse consequences to the agency or personnel for the negligent conduct.

itously note that § 105.711 makes no specific reference to attorney's fees and that § 105.726 provides that "[n]othing in sections 105.711 to 105.726 shall be construed to broaden the liability of the state of Missouri beyond the provisions of sections 537.600 to 537.610, RSMo, [pertaining to waiver of sovereign immunity in tort cases] nor to abolish or waive any defense at law which might otherwise be available to any agency, officer, or employee of the state of Missouri." *See Smith v. State*, 152 S.W.3d 275, 279–80 (Mo. banc 2005). In short, § 105.711 does not grant the trial court permission to award attorney's fees or any other type of award and is merely "a voluntary assumption of defense and payment of judgments" otherwise properly entered against a state officer, employee, or agency.

▮ We next turn to Appellant's argument that the exception to the American Rule "where very unusual circumstances exist so it may be said equity demands a balance of benefits" would have allowed the trial court to enter an award of attorney's fees in this case. Though Appellant claims that this exception should apply any time it would be equitable for attorney's fees to be awarded, the balancing of the benefits exception "incorporates two doctrines that apportion the costs of the litigation among those benefiting from it":

> First, the common fund doctrine permits a trial court to require non-litigants to contribute their proportionate part of the counsel fees when a litigant successfully creates, increases, or preserves a fund in which the non-litigants were entitled to share. Second, the common benefit doctrine permits recovery of attorney's fees when a successful litigant benefits a group of other individuals similarly situated.

*Gerken*, 351 S.W.3d at 13 (quoting *Lett v. City of St. Louis*, 24 S.W.3d 157, 162 (Mo. App. E.D.2000)). "Under this equitable theory, the attorney's fees are shared between the litigants benefiting from the suit." *Id.* This case clearly does not involve the type of "unusual circumstances" where "equity demands a balance of benefits" as established in the case law.

▮ Finally, we address Appellant's claim that attorney's fees could have been awarded by the trial court based upon the "special circumstances" exception as a result of the State's refusal to remove her from the Registry and proceeding to trial despite a lack of evidence that she was ever sent notice of the probable cause finding. As noted *supra*, "special circumstances [allowing for an award of attorney's fees] may arise if a defendant's conduct is frivolous, without substantial legal grounds, reckless, or punitive." *Grewell*, 162 S.W.3d at 507.

The trial court specifically found that DSS's actions in forcing Appellant to take her case to trial was "not substantially justified" because DSS knew or should have known that it had no evidence of any kind that Appellant had been sent written notice of the probable cause finding. The trial court also noted that DSS was aware that the Missouri Supreme Court had previously found that due process requires that an individual be provided with notice of the probable cause finding and the right to meaningful review by the CANRB before the individual can be listed on the Registry. *Jamison v. Missouri Dep't of Soc. Servs., Div. of Family Servs.*, 218 S.W.3d 399, 408–09 (Mo. banc 2007).

The fundamental problem with the trial court's finding that DSS was not substantially justified in proceeding to trial and Appellant's argument that DSS's actions were "frivolous, without substantial legal grounds, reckless, or punitive" is that the burden rested with Appellant, as the plaintiff, to prove that she was entitled to de-

claratory and/or injunctive relief.[4] DSS disputed Appellant's allegations that she had not been provided with notice of the probable cause finding, and DSS was not required to take Appellant at her word simply because it could not locate its old records.

To establish her claim that her right to due process had been violated, Appellant was required to prove by a preponderance of the evidence that DSS had not provided her with proper and sufficient notice. While Appellant managed to readily satisfy that burden at trial, DSS was entitled to have the trial court weigh the evidence and assess the credibility of her claim, regardless of whether DSS possessed evidence that could disprove or otherwise rebut her allegation. Indeed, the trial court could well have found that Appellant's testimony was entirely uncredible. DSS's actions in allowing this matter to proceed to trial were not frivolous, without substantial legal grounds, reckless, or punitive. The trial court could not have properly found that attorney's fees were warranted under the special circumstances exception.

For the foregoing reasons, the trial court's denial of Appellant's request for attorney's fees is affirmed.

All concur.

---

4. In this regard, the trial court also found that "[t]here is no evidence which indicates that the State's action [sic] were intentional or made with deliberate indifference and at best were the result of negligence."