

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **KRISTEN NICOLE PROPERTIES, ET AL.;** | **WD79272 & WD79280** |
| Appellant, | **OPINION FILED:** |
| **LYLE ODO,** | **October 4, 2016** |
| Appellant, | |
| v. | |
| **KEVIN SHAFINIA,** | |
| Respondent. | |

**Appeal from the Circuit Court of Platte County, Missouri**
**The Honorable James Walter Van Amburg, Judge**

**Before Division Four:**
**Mark D. Pfeiffer, Chief Judge Presiding, James Edward Welsh, and Alok Ahuja, Judges**

Kristen Nicole Properties and Lyle Odo appeal the circuit court's judgment denying their request for an award of attorney's fees and litigation expenses in their lawsuit against Kevin Shafinia. Finding no error, we affirm.

## Background

Lyle Odo is the president of Kristen Nicole Properties, Inc., ("KNP"), a Missouri corporation. The underlying conflict in this case arose over a certain parcel of land located in Platte County, to which KNP initially acquired title in August 2000.

In 2008, KNP filed a lawsuit against Kevin Shafinia and others associated with him. It alleged that, in early 2005, without KNP's prior knowledge or consent, the defendants entered onto this land and began excavation, grading, and other construction activities, causing damage to the land. KNP sought various forms of relief for that damage.

The parties eventually reached a settlement agreement, under which Shafinia and the other defendants agreed to pay KNP the sum of $25,000 in exchange for KNP's agreement to transfer title of the land to Shafinia. On July 1, 2010, Odo executed a "Full and Final Settlement and Release" on behalf of KNP, formalizing the parties' agreement. Thereafter, the defendants paid KNP $25,000, and Odo delivered a quitclaim deed to Shafinia's attorneys transferring title of the property to Shafinia. By agreement of the parties, the circuit court then dismissed the lawsuit with prejudice.

After learning that the quitclaim deed to Shafinia had not been recorded, KNP filed it with the Recorder of Deeds in October 2010. Three months later, on January 11, 2011, Shafinia filed a quitclaim deed with the Recorder of Deeds transferring title to the same land to Odo, in his individual capacity. This was done without Odo's knowledge, consent, or involvement. Odo learned of the transfer in early November 2011 after receiving notices from the City of Kansas City demanding that he rectify City Code violations on the property.

KNP and Odo (in his individual capacity) thereafter filed a lawsuit against Shafinia. The petition asserted four counts: Count I sought a declaratory judgment; Count II requested injunctive relief; Count III was for specific performance; and Count IV raised a breach of contract claim. Basically, the relief sought was for Shafinia to void the purported title transfer to Odo, to compel transfer of the title back to Shafinia, and to prohibit any future title transfers to KNP, to Odo, or to any person or entity associated with them.

2

The circuit court granted Shafinia's motion for summary judgment on Counts III and IV. Then, in September 2015, Shafinia signed a document confessing judgment as to Counts I and II and for, among other things, "plaintiffs' reasonable attorney fees, litigation expenses, and costs incurred in this litigation to be found by the Court, if any."

At a hearing on September 25, 2015, the parties agreed that Shafinia's confession of judgment resolved all issues except for the matter of attorney's fees. The Appellants submitted an "Attorney Fee and Expense Summary" for the court's aid in determining "what reasonable fees might be appropriate," and Shafinia contested the requested fees and expenses. The court heard argument by the parties and then took the matter under advisement.

In its initial Order and Judgment, the court granted the basic relief sought in Counts I and II and awarded $422 in court costs. The court declined to award attorney's fees and litigation expenses, noting that, "pursuant to the American Rule . . . each party bear[s] its own attorney's fees." Following a hearing on KNP and Odo's motion to amend the judgment, the court issued an Amended Judgment denying the motion, rejecting reconsideration of the summary judgment on Counts III and IV,[1] and again denying attorney's fees and expenses.

**Discussion**

The Appellants argue on appeal that the circuit court erred in not awarding attorney's fees and litigation expenses because (**Point I**) the confession of judgment constitutes a "contract" that is an exception to the American Rule, and (**Point II**) Shafinia's "breach" of the prior settlement agreement also triggers an exception to the American Rule, in that it required Appellants to file the underlying lawsuit and to incur attorney's fees.

---

[1] In their motion to amend, Appellants asked the court to rule on their prior motion seeking reconsideration of the summary judgment on Counts III and IV to ensure that the judgment was final and appealable. The court obliged by formalizing its grant of summary judgment on those two counts. That ruling is not contested on appeal.

Our standard of review in this case is the same as in any court-tried case: we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares the law or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the circuit court's judgment on contested issues of fact. *Pearson v. Koster*, 367 S.W.3d 36, 44 (Mo. banc 2012). We review issues of law *de novo*. *Id*. at 43.

Pursuant to section 511.070 RSMo,[2] "[a] judgment by confession may be entered without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner herein prescribed." Here, Shafinia's confession of judgment met the statutory requirements.[3] It admitted all the allegations in Counts I and II and confessed judgment, *inter alia*, "for plaintiffs' reasonable attorney fees, litigation expenses, and costs incurred in this litigation to be found by the Court, if any."[4]

The Appellants' arguments focus on the circuit court's reference to the American Rule, which provides that, absent certain exceptions, each litigant should bear his own attorney's fees and litigation expenses. *Goines v. Mo. Dept. of Soc. Servs.*, 364 S.W.3d 684, 687 (Mo. App.

---

[2]Statutory references are to the Revised Statutes of Missouri (RSMo) 2000.

[3]Section 511.080 requires that a proper confession of judgment consists of "[a] statement in writing . . . signed by the defendant, and verified by affidavit, to the following effect:"

  (1) It must state the amount for which the judgment may be rendered, and authorize the entry of judgment thereon;
  (2) If it be for money due, or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due, or to become due; and
  (3) If it be for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability, and must show that the sum confessed therefor does not exceed the same.

[4]Shafinia also admitted that his transfer of title to Odo was void *ab initio*; that Odo, individually, did not then have and never had any right, title, or interest in the land; and that KNP's title transfer to Shafinia was effective upon delivery of the quitclaim deed. Shafinia agreed not to transfer title to KNP, Odo, or any person or entity related to them; agreed for the court to enter judgment in favor of plaintiffs on Counts I and II; and agreed to accept title to the property and cooperate in transferring it back to him.

2012).[5] The Appellants contend that Shafinia's confession of judgment satisfies the "contract" exception to that Rule and that his breach of the prior settlement agreement triggers the "collateral litigation" or "special circumstances" exceptions. *See id*. at 688.

Contrary to the Appellants' claims, we do not interpret the circuit court's reference to the American Rule as a declaration that its denial of attorney's fees was based solely on that Rule. Rather, we find that resolution of this matter lies in the proper interpretation of the operative provision: "Defendant confesses judgment for plaintiffs' reasonable attorney's fees, litigation expenses, and costs incurred in this litigation *to be found by the Court, if any*." The Appellants would have us read that sentence as "fees, expenses, and costs . . . if any [*were incurred*]." Shafinia suggests that the sentence means "fees, expenses, and costs . . . if any [*are awarded by the court*]." We find that the latter interpretation is correct.

It was clear at the initial hearing that the parties and the court considered the issue of attorney's fees and litigation expenses to be an open question to be determined by the court. It is equally clear that the court interpreted the confession of judgment to mean that the award and amount of any reasonable attorney's fees or litigation expenses was up to its discretion. At the close of that hearing, the court instructed the attorney who was to prepare the judgment: "Leave that blank, as far as an award of attorney's fees, and then I will enter the appropriate amount, if any." The court ultimately declined to award *any* attorney's fees or litigation expenses.

At the hearing on the motion to amend or modify the judgment, the Appellants asked the court to reconsider its denial of attorney's fees and litigation expenses. Appellants argued that,

---

[5]The recognized exceptions to the American Rule are: where fees are permitted by statute or by contract, where unusual circumstances exist such that equity demands a balance of benefits, where the fees result from certain collateral litigation, or in "special circumstances," such as where a party's conduct is frivolous, reckless, or punitive. *Goines*, 364 S.W.3d at 688.

by signing the confession of judgment, Shafinia "recognized" that "there should be a reasonable attorney fee assessed." Counsel for Shafinia argued that "that particular confession did not, in any way, mandate that attorney fees be found against the defendant. It just simply left it to Your Honor to make the decision as to whether or not attorney fees would be appropriate and that, if . . . appropriate, then the defendant would live with the decision by the court."

The circuit court plainly agreed with Shafinia's argument. We also find that the confession of judgment did not mandate the imposition of attorney's fees and expenses. The contested provision simply confessed judgment as to any *reasonable* attorney's fees, litigation expenses, and court costs incurred, if the circuit court found that any should be awarded. The language indicates only that, *if* the court determined that an award of attorney's fees was in order, *then* Shafinia would accept the court's ruling.

A trial court is considered to be an expert on the necessity, reasonableness, and value of attorney's fees. *Travis v. Travis*, 174 S.W.3d 67, 71 (Mo. App. 2005). The court that tries a case is presumed to know "the character of the services rendered in duration, zeal, ability" and value. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980). Consequently, a trial court's decision regarding attorney's fees is presumptively correct, and we will reverse only if we find an abuse of discretion. *Travis*, 174 S.W.3d at 71. An apt example of these principles can be found in *Skatoff v. Solomon*, 244 S.W.2d 590 (Mo. App. 1951), which the Appellants cite in their brief. There, where a promissory note included a blank space for the amount of attorney fees if there was a confession of judgment, the appellate court found no abuse of discretion in the trial court's award of one dollar in attorney's fees. *Id*. at 593. Similarly, in this case, where the confession of judgment called for reasonable attorney's fees and litigation expenses "as found by the court, *if*

6

*any*," the circuit court properly exercised its discretion and found that no attorney's fees or expenses were warranted. We find no abuse of discretion in that decision.

We also reject the claim that, because Shafinia "intentionally breached the settlement agreement[,] thereby causing [Appellants] to incur attorney fees and litigation expenses by having to file the underlying suit," the special circumstances, intentional misconduct, or collateral litigation exceptions to the American Rule "mandate" the award of attorney's fees. We note, first, that the basic premise of this argument is flawed, in that Shafinia's confession of judgment does not admit a breach of contract, and the circuit court granted Shafinia's motion for summary judgment on that claim. In any event, neither of the cases Appellants cite in support (*Essex Contracting, Inc. v. Jefferson Cnty*, 277 S.W.3d 647, 657 (Mo. banc 2009); *Klinkerfuss v. Cronin*, 289 S.W.3d 607, 618 (Mo. App. 2009)), indicates that a court is *required* to award attorney's fees under these exceptions; nor does this Court find any authority to support such a proposition. Our courts have explained, in fact, that generally, except where a contractual provision or statute provides for an award of attorney's fees, the trial court is granted "broad discretion" to award or deny such fees. *See, e.g., Agnello v. Walker*, 306 S.W.3d 666, 679 (Mo. App. 2010); *Goralnik v. United Fire & Cas. Co.*, 240 S.W.3d 203, 210 (Mo. App. 2007); *Garner v. Hubbs*, 17 S.W.3d 922, 930 (Mo. App. 2000). We are not persuaded that the circuit court's denial of attorney's fees in this case was an abuse of discretion.

Based on the foregoing, we affirm the circuit court's judgment.

/s/ *James Edward Welsh*
James Edward Welsh, Judge

7

All concur.