Anthony Rex Gabbert, Judge
Appellant-Respondents George R. and Lila Cecilia Wagner ("Wagners") appeal the trial court's denial of reimbursement for costs related to enforcement of a subdivision's restrictive covenants. They raise two points on appeal.[1] First, they argue *375 the covenants require Respondent-Appellant Barry Nolan ("Nolan") to reimburse them for gravel costs related to road maintenance. Second, they argue the covenants require Nolan to reimburse them for attorney fees arising from litigation. Nolan appeals the trial court's grant of injunctive relief enjoining Nolan from conducting a tow truck business from his residence. He argues the trial court erred, because the Wagners waived the right to enforce the covenants' prohibition against commercial development. We affirm.
BACKGROUND
The Wagners and Nolan reside in a Kingsville, Missouri subdivision created for single-family residential development. Attached to the subdivision are restrictive covenants enforcing, inter alia , the subdivision's residential schema and road maintenance agreement. The Wagners testify they relied on the covenants when purchasing their lot in 2000. Nolan purchased his lot in 2003.
Despite the covenants' prohibition against commercial use of the property, Nolan operated a tow truck service from his Kingsville home. At first, the Wagners were unaware of Nolan's occupation, but they discovered within a few months of Nolan's arrival he owned a tow service. Beginning two or three years ago, noise and traffic from the business increased to a level dramatically different from when Nolan first moved to the subdivision. The Wagners complain multiple vehicles would be parked in Nolan's driveway or at the shop, and round-the-clock noise from the business became a nuisance.
The covenants also require the roads to be proportionately maintained by the subdivision's seventeen homeowners. In 2015, gravel was delivered for road maintenance four times. Each homeowner's share came to $148.04. While the other homeowners each paid for their allotted share, the Wagners also paid Nolan's share. In May 2015, Ms. Wagner delivered to Nolan a letter seeking reimbursement for the $148.04. Nolan responded he would not pay for the gravel because he did not order it. He had previously stated any gravel ordered for him required his prior consent.
On March 2, 2016, the Wagners filed their petitions for injunctive relief and reimbursement of expenses, alleging Nolan's commercial use of his property and failure to pay for the gravel violated the terms of the restrictive covenants. On September 30, 2016, the trial court found Nolan had violated the covenants by operating his tow service from his property and by maintaining unlicensed vehicles on the property for more than ten days. While Nolan was enjoined from continuing those activities, the court held the covenants do not provide for the recovery of the gravel expenses or attorney fees arising from litigation. This appeal follows.
STANDARD OF REVIEW
We review the trial court's judgment under the standard established by *376 Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). Blue Ridge Bank and Trust Co. v. Trosen , 309 S.W.3d 812, 815 (Mo. App. 2010) :
Accordingly, the judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. We view the evidence, and permissible inferences therefrom, in the light most favorable to the trial court's judgment, and we disregard all contrary evidence and inferences.
(Citations and quotes omitted.) The same standard applies to court-tried equity actions. Cook v. McElwain , 432 S.W.3d 286, 289 (Mo. App. 2014).
THE WAGNERS' APPEAL
Point I
The Wagners argue the trial court erred in finding the restrictive covenants do not require Nolan to reimburse them for gravel expenses. Because Nolan's obligations under the covenants' road maintenance agreement are too vague to be enforced, we conclude the trial court did not err in finding the covenants do not require repayment for the gravel.
"For a contract to be valid and enforceable the nature and extent of its obligations must be certain ... The offer must be sufficiently specific on the terms of the contract that, upon its acceptance, a court may enforce the contact so formed." Prenger v. Baumhoer , 914 S.W.2d 413, 415 (Mo. App. 1996). Additionally, restrictive covenants "are to be interpreted narrowly, and in so doing the court must be careful not to go beyond the express stipulations." Bates v. Webber , 257 S.W.3d 632, 638 (Mo. App. 2008) (quotes and citation omitted).
The covenants' eighth paragraph provides that "all roads within the subdivision shall be maintained by the owners of the lots within said subdivision, proportionately[.]" The covenants do not vest decision-making authority in a homeowner association or other representative body; they do not proffer criteria for identifying deficient roads; nor do they provide process for notifying homeowners when repairs are to be ordered or payment due. Without an express mechanism for determining who may order gravel and under what conditions, the general requirement to maintain the subdivision's roads is too vague to enforce. Thus, the covenants do not allow the Wagners to recover repair costs from Nolan, particularly when he had stated no gravel was to be ordered for him without his consent. Point I is denied.
Point II
The Wagners next argue the trial court erred in concluding the restrictive covenants do not allow for the recovery of attorney fees. The covenants' eleventh paragraph provides that "the damages sought for a violation shall include all expenses of such litigation , which shall be taxed as court costs" (emphasis added). Though litigants are generally responsible for their own attorney fees (i.e., the American Rule), an exception exists "when a statute specifically authorizes recovery or when attorneys' fees are provided for by contract." Midland Property Partners, LLC v. Watkins , 416 S.W.3d 805, 817 (Mo. App. 2013). (citation and quotes omitted). Contractual authorization for attorney fees, like its statutory counterpart, must be explicit. Id. at 819 (citations omitted). General references to "all expenses" or "all costs," strictly construed, are insufficient to authorize the award of attorney fees. Id. (finding the phrase "all reasonable costs" "does not expressly authorize the recovery of attorneys' fees"). Thus, the Wagners cannot recover attorney fees, because the *377 phrase "all expenses of such litigation" does not explicitly provide for them. Point II is denied.
NOLAN'S APPEAL
Nolan argues the trial court erred, because the Wagners waived their right to enforce the covenant prohibiting commercial use of residential property. This court has recognized:
A restrictive covenant may be waived and abandoned by a conscious acquiescence as evidenced by persistent violations of the covenant. It can also be waived by failure to object to violations of the restriction. The violation must be widespread to constitute waive or abandonment and it must be so general as to indicate an intention or purpose to abandon the scheme intended to be maintained by the restriction.
Trosen at 816 (citations and quotes omitted).
Nolan's tow truck service violates the covenants' first paragraph, which states, "All property shall be used for single family residence purposes only." Nolan argues the breach was waived, because the Wagners knowingly allowed the garage to operate for fourteen years before filing suit. Additionally, the Wagners had used Nolan's tow service on at least three occasions. Regardless of these allowances, Nolan's violation was too limited in scope to indicate a general intent to abandon the subdivision's residential schema.
Nolan was only one of seventeen homeowners using his residence for commercial purposes, and it was only within the last two or three years that noise and traffic associated with Nolan's business became a nuisance. Thus, when we view the evidence in the light most favorable to the trial court's judgment, it is clear Nolan's violation was not widespread, and the Wagners did not unduly acquiesce in the violation when it became more significant. Point denied.
CONCLUSION
We therefore conclude the trial court did not err, because the restrictive covenants' road maintenance provision is too vague to be enforced against Nolan, and the covenants do not expressly provide for the recovery of attorney fees. We further find no error, because substantial evidence supported the trial court's conclusion that Nolan's violation did not constitute an intent to abandon the subdivision's residential schema.
All concur.

Though the Wagners' brief provides a single point relied on, the point raises two distinct claims, in violation of Rule 84.04. In Jefferson City Apothecary, LLC v. Missouri Bd. of Pharmacy , 499 S.W.3d 321, 326 (Mo. App. 2016), we stated:
A point relied on should contain only one issue, and parties should not group multiple contentions about different issues together into one point relied on. Despite this flagrant disregard of the rules, the policy of the appellate courts in this State is to decide a case on the merits rather than technical deficiencies in the brief. Because we are able to discern the claims being made and the defective nature of the point relied on does not impede our disposition of the case on the merits, we will exercise our discretion to attempt to resolve the issues on the merits.
(Internal quotes and citations omitted.) Here, as in Jefferson City , "[w]e will separate [Appellants'] contentions ... and respond to each one individually." Id.