**STATE of Missouri, MISSOURI DEPARTMENT OF NATURAL RESOURCES, DIVISION OF STATE PARKS, Plaintiff/Appellant.**

v.

**Larry D. FITZGERALD, Defendant/Respondent.**

No. ED 77603.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 24, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert C. Cook, Asst. Atty. Gen., Jefferson City, for appellant.

Leonard Komen, Clayton, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Plaintiff, State of Missouri, Missouri Department of Natural Resources, Division of State Parks (hereinafter State), appeals from the trial court's judgment dismissing with prejudice its breach of contract action against defendant, Larry D. Fitzgerald, and ordering the State to pay Fitzgerald's court costs. Affirmed in part and reversed in part.

In its first point, the State challenges the trial court's dismissal of its action with prejudice. We have reviewed the record on appeal with regard to the dismissal and find that no error of law appears. An opinion would have no precedential value. Point denied. Rule 84.16(b).

In its second point, the State charges error in the trial court's assessing "costs

against plaintiff." Absent statutory authority, costs cannot be recovered in state courts from the State or its agencies or officials. *Richardson v. State Highway & Transp. Comm'n,* 863 S.W.2d 876, 882 (Mo. banc 1993). In addition, attorney's fees may be awarded to a successful litigant only where they are provided for by statute or by contract, where very unusual circumstances exist so it may be said equity demands a balance of benefits, or where the attorney's fees are incurred because of involvement in collateral litigation. *Lett v. City of St. Louis,* 24 S.W.3d 157, 162 (Mo. App. E.D.2000). Although it is unclear whether the court included attorney's fees in its assessment of costs, no statute or contract authorized the award of attorney's fees and none of the recognized exceptions of unusual circumstances or collateral litigation applied. The trial court erred in assessing costs, including attorney's fees, against the State. State's second point is granted.

That part of the judgment dismissing the State's action with prejudice is affirmed; that part of the judgment assessing costs against the State is reversed.

AHRENS, P.J. and JAMES R. DOWD, J., concurs.