Joseph LIPIC, Respondent,

v.

STATE of Missouri, Department of Social Services, Division of Family Services, Appellant.

No. ED 81356.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 24, 2002.

Charles P. Todt, Clayton, MO, for respondent.

Gary Lee Gardner, Jefferson City, MO, for appellant.

GLENN A. NORTON, Judge.

The Division of Family Services appeals the circuit court's judgments awarding Joseph Lipic the attorney fees, expenses and costs he incurred in the *de novo* judicial review of the Child Abuse and Neglect Review Board's ("CANRB") probable cause determination. We reverse.

## I. BACKGROUND

The Division determined that there was probable cause to suspect Lipic of child abuse, and Lipic requested review by the CANRB. The CANRB upheld the Division's determination, and Lipic sought judicial review under section 210.152 RSMo 2000.[1] The case was assigned to the judge who had presided over Lipic's dissolution proceeding, at which evidence regarding the allegations of abuse had been presented. The parties agreed to have the matter resolved on the Division's written investigation and the court record of the dissolution proceeding.

Before the circuit court's decision was rendered, Lipic requested the attorney fees he would incur in the court proceed-

---

1. All statutory references are to RSMo 2000.

ing. Lipic asserted that he was entitled to his fees, expenses and costs under section 536.087 or, in the alternative, because of the "very unusual circumstances" of his case. The court granted the motion and awarded Lipic "interim" attorney fees and expenses. About a month later, the court reversed the CANRB's probable cause determination, set aside the "interim" award and re-issued an identical judgment awarding attorney fees and expenses. In a separate judgment, the court assessed costs against the Division.

## II. DISCUSSION

On appeal, we will uphold the circuit court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Petet v. State, Dept. of Social Services, Div. Of Family Services,* 32 S.W.3d 818, 822 (Mo.App. W.D.2000). The Division argues in its point on appeal that the circuit court erred as a matter of law in awarding attorney fees, expenses and costs in this case.

### A. Statutory Authorization

■ Absent statutory authority, costs, including attorney fees, cannot be recovered from the State, its agencies, or its officials. *State, Missouri Dept. of Natural Resources, Div. of State Parks v. Fitzgerald,* 29 S.W.3d 842, 843 (Mo.App. E.D. 2000). Section 536.087 authorizes an award of attorney fees to the prevailing party in certain proceedings involving the State:

> A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

Section 536.087.1. Costs are also recoverable under this section as "reasonable fees and expenses." *Rose City Oil Co. v. Missouri Com'n on Human Rights,* 832 S.W.2d 314, 317–18 (Mo.App. E.D.1992). The Division argues that the CANRB proceeding from which the circuit court proceeding arose was not an "agency proceeding" and, thus, the statute does not apply. We agree.

■ An "agency proceeding" is an "adversary proceeding in a contested case pursuant to this chapter [536]." Section 536.085(1). A "contested case" is "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2). The relevant inquiry is not whether the agency actually held an "adversary proceeding in a contested case," but whether it was required to do so by statute, ordinance, or constitutional provision. *State ex rel. Yarber v. McHenry,* 915 S.W.2d 325, 328 (Mo. banc 1995). Thus, the focus is on what the statute and regulations governing the CANRB called for, not on what actually occurred.

Section 210.152 contemplates some sort of a hearing before the CANRB: a person aggrieved by the Division's determination of probable cause may seek "an administrative review" by the CANRB, in which the Division's determination shall be sustained if it is supported by evidence and not against the weight of such evidence. In that statute, the "administrative review" is also referred to as a "hearing," which is closed to everyone except the parties, their attorneys and "persons providing testimony on behalf of the parties." Section 210.152.4.

But simply requiring a "hearing" is not enough—to meet the definition of a contested case, the proceeding must be one at which a "measure of procedural formality" is followed. *Hagely v. Board of Educ. of Webster Groves School Dist.*, 841 S.W.2d 663, 668 (Mo. banc 1992); *see also Rackley v. Firemen's Retirement System,* 848 S.W.2d 26, 28 (Mo.App. E.D.1993). The following procedures are usually present in contested cases: notice to all necessary parties, oral evidence presented under oath or affirmation and subject to cross-examination, use of exhibits, adherence to evidentiary rules, a record preserving the proceedings and written decisions with findings of facts and conclusions of law. *Rackley*, 848 S.W.2d at 28 (citing sections 536.067, 536.070, 536.090); *see also Mosley v. Members of Civil Service Bd. for City of Berkeley,* 23 S.W.3d 855, 858 (Mo.App. E.D.2000).

In *State ex rel. Mitchell v. Dalton,* this Court addressed whether a hearing before the parole board was a contested case. 831 S.W.2d 942, 944 (Mo.App. E.D.1992). The relevant statutes and regulations in that case required notice to the parties and allowed parties and witnesses to make statements at the parole hearing. *Id.* (citing sections 217.650–217.810 and Mo.Code Regs. tit. 14, section 80–2.010). But there was no requirement that testimony be given under oath and no provisions for cross-examination; the rules of evidence did not apply; and the parties were not required to appear. *Id.* That hearing did not include the "minimum indicia" of a contested case. *Id.*

The CANRB hearing similarly lacks the "minimum indicia" of a contested case. The statutes and regulations impose some formality on the CANRB's "administrative review"—for instance, notice is required to all parties, exhibits seem to be permissible and the CANRB's decision must be in writing. Mo.Code Regs. tit. 13, sections 40–31.025(8), (10). But several crucial formalities of a contested case are missing. Testimony is given by "statement"—there is no requirement that the statement be made under oath or by affirmation, nor is it subject to cross-examination. Mo.Code Regs. tit. 13, section 40–31.025(8)(F); *see also* section 210.152.4. The alleged perpetrator's appearance is not even required, and he may submit a written statement— also not required to be under oath or affirmation and not subject to cross-examination—in lieu of personal appearance. Section 210.153.4(2)-(3). In fact, although notice is given to all, the only party seemingly required to attend the hearing is the Division. *See* Mo.Code Regs. tit. 13, section 40–31.025(8)(D). The rules of evidence do not apply, and the CANRB is not required to make a record of the proceeding or enter findings of fact and conclusions of law.

Moreover, the CANRB proceeding is not adversarial. Neither the Division nor the child who allegedly has been abused has a legal "adversarial interest" in the outcome of the proceeding. *See Dalton,* 831 S.W.2d at 944–945. Their interests in the CANRB's determination of probable cause—like the victim's interest in a parole board hearing—could be called "opposing interest[s] in common parlance." *Id.* at 945. But no legal right, duty, or privilege of the Division or of the child is in issue at the CANRB hearing. The Division and the child have no personal legal rights to a determination that there *is* probable cause of child abuse, and none of their rights are violated if the CANRB determines that there is not probable cause. *See id.*

Finally, the courts do not review agency decisions in contested cases *de novo. See Mosley,* 23 S.W.3d at 859. Review of a decision in a CANRB hearing is expressly *de novo* by statute. *See* section 210.152.5.

To hold that the CANRB proceeding is a contested case would be inconsistent with this express requirement for *de novo* judicial review.

We conclude that a CANRB hearing is not an "adversary proceeding in a contested case" and therefore is not an "agency proceeding." Thus, section 536.087 does not authorize an award of fees, expenses, or costs to the prevailing party in a CANRB hearing or a civil action arising therefrom.

### B. "Very Unusual Circumstances"

■ Courts have approved awards of attorney fees, even absent statutory or contractual authorization, in order to balance the benefits in cases involving "very unusual circumstances." *Windsor Ins. Co. v. Lucas*, 24 S.W.3d 151, 156 (Mo.App. E.D.2000). Fees are rarely awarded under this exception; when they are, it is most often in cases involving a common fund, such as a trust. *See, e.g., Feinberg v. Adolf K. Feinberg Hotel Trust*, 922 S.W.2d 21, 26 (Mo.App. E.D.1996) (beneficiary may recover fees from estate after successful litigation on estate's behalf). Moreover, fees are only warranted in unusual or "extremely complicated" cases in which the parties have had to take novel legal actions to achieve a result. *Chapman v. Lavy*, 20 S.W.3d 610, 614 (Mo.App. E.D.2000).

Unlike litigation involving a common fund, there is no need in this case to equitably balance any benefits. Moreover, there is nothing unusual or complicated about these proceedings: the Division and Lipic took the same legal actions other parties in this situation have taken to achieve this result.

Point granted.

2. Lipic's motion to dismiss the Division's ap-

### III. CONCLUSION

The judgments awarding attorney fees, expenses and costs against the Division are reversed.[2] The parties are to bear their own fees, expenses and costs.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J., concurring.

peal, taken with the case, is denied.