**Jim LITTIKEN, Appellant,**

v.

**COTTLEVILLE COMMUNITY FIRE PROTECTION DISTRICT, Respondent.**

**No. ED 81939.**

Missouri Court of Appeals, Eastern District, Division One.

June 10, 2003.

George O. Suggs, St. Louis, MO, for appellant.

Timothy P. O'Mara, St. Louis, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Jim Littiken (hereinafter, "Employee") appeals from the circuit court's judgment granting Cottleville Community Fire Protection District's (hereinafter, "the District") motion to dismiss Employee's petition for review. Employee claims the circuit court erred in granting the motion to dismiss because he was entitled to a hearing, findings, and an opportunity to submit his claim to binding arbitration under the District's "Staff Officer's Job Rights Policy" (hereinafter, "the Policy"). We affirm.

The facts are undisputed. On April 26, 2002, Employee was demoted from his position as assistant fire chief to a maintenance officer. This demotion resulted in a salary reduction of approximately $26,000

per year. Employee sought to enforce the Policy and requested a hearing. The District denied his request for a hearing, refused to issue findings of fact, and did not allow Employee to submit the case for arbitration.

Employee petitioned for judicial review of the District's refusal to grant a hearing in St. Charles Circuit Court. The District filed a motion to dismiss claiming Employee failed to state a cause of action in that the Policy did not afford him the rights he sought to enforce. The circuit court granted the District's motion. Employee appeals.

■■■ On appeal of a noncontested case, we review the circuit court's judgment, not the decision of the administrative agency. *Hardy v. Fire Standards Com'n of St. Louis County*, 992 S.W.2d 330, 333 (Mo.App. E.D.1999). As such, we will affirm the circuit court's judgment unless it is unsupported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Mosley v. Members of Civil Service Bd. for City of Berkeley*, 23 S.W.3d 855, 860 (Mo.App. E.D.2000).

Employee's sole point claims the circuit court erred in granting the District's motion to dismiss in that he claims the Policy affords him the right to a hearing prior to any demotion. Employee also argues he is entitled to findings of fact, and if he were dissatisfied with the District's decision, an opportunity to submit the case to final, binding arbitration. Employee asserts the Policy is ambiguous in its scope of coverage and its definition of "termination." The District claims the Policy only applies to employees who are suspended or terminated, not those who receive a demotion or salary reduction. To support its argument, the District relies on several sections of the Policy.

■■■ The primary disagreement in this case, as evidenced by the foregoing, is what meaning to ascribe to the terms of the Policy. The mere fact that the parties disagree on the subject does not render the document itself ambiguous. *Enyeart v. Shelter Mut. Ins. Co.*, 693 S.W.2d 120, 123–24 (Mo.App. W.D.1985). The test is whether the disputed language, in the context of the entire agreement, and giving the words their plain and ordinary meaning as understood by a reasonable person, is reasonably susceptible of more than one construction. *Id.* Whether a document is ambiguous is a question of law for the court. *Id.*

■■ Initially, we note the scope of the Policy as stated in Section 2(a) encompasses those employees who are terminated or suspended. Termination is defined in Section 1(9) as "a dismissal of a Protected Employee by the Employer" or "a quitting of employment or a retirement by [an employee] but only if induced by an act or omission of the Employer...." Employee argues he was "dismissed" from his position as assistant fire chief when he was demoted, and as such, he should be afforded the rights of other terminated employees. We disagree.

Section 3(b) gives the District discretion to exercise reasonable business judgment in making decisions relating to the operation of the District. That section sets forth several examples of what constitutes business judgment, including decisions based on operation changes, reorganization, elimination or transfer of jobs, and salary structure. More importantly, this section directs that these decisions are not subject to review or appeal under the procedures set forth under the Policy. Employee continues to be employed by the District in a different position at a reduced salary. Giving the word "dismissal" its plain and ordinary meaning as understood

by a reasonable person, we cannot give Employee the expansive definition he seeks because he was not dismissed completely from his employment.

As such, we find the Policy is not ambiguous with respect to its coverage of terminated or suspended employees, and Employee is not covered by these provisions. Therefore, we find the circuit court did not err in granting the District's motion to dismiss. The judgment is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.