

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| AARON BIRDSONG, | ) | |
| | ) | |
| Respondent, | ) | WD78049 |
| | ) | |
| v. | ) | OPINION FILED: May 19, 2015 |
| | ) | |
| CHILDREN'S DIVISION, MISSOURI DEPARTMENT OF SOCIAL SERVICES, | ) ) ) ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Cole County, Missouri**
The Honorable Daniel R. Green, Judge

Before Division Three: Mark D. Pfeiffer, Presiding Judge, Gary D. Witt, Judge and
Anthony Rex Gabbert, Judge

The State, on behalf of the Missouri Department of Social Services Children's Division (the "Division"), brings this appeal challenging the trial court's award of attorney's fees following its grant of summary judgment to Aaron Birdsong ("Birdsong"). The State argues that the award of attorney's fees has no statutory basis and that

Birdsong's case does not fall within any exception to the American Rule.[1] For reasons explained below, we reverse and vacate the award of attorney's fees.

## FACTS AND PROCEDURAL HISTORY[2]

The Division brought an administrative action that Birdsong had used his position as a teacher and track coach in a public school to sexually abuse a seventeen-year-old student. The Division alleged, based on its investigation, that Birdsong had committed the following acts:

In the fall of 2010, Birdsong was a teacher and a track coach at Eldon High School. The child victim was a seventeen-year-old female student who was on the track team. Birdsong began an inappropriate relationship with her, which included an exchange of hundreds of "romantic" text messages (including more than 200 over the course of 24 hours). One text message included a photograph in which the victim was wearing only her underwear. Birdsong also made comments in the text messages about trying to see her breasts as she picked up books while at school. Birdsong told the girl he was having difficulty in his marriage and also instructed the girl not to tell anyone about their relationship because he would get in trouble. Birdsong invited the victim to his home on the pretense of babysitting for him and his wife, but then he began kissing the victim on the lips and touching her breasts and thigh. The victim became scared and left the house.

---

[1] The "American Rule" provides that each litigant should bear his or her own fees. *Hinton v. Dir. of Revenue*, 21 S.W.3d 109, 112 (Mo. App. W.D. 2000).

[2] The evidence is not viewed in the light most favorable to the circuit court's decision; rather, the record is viewed on the whole to see if sufficient competent and substantial evidence supports the award of attorney's fees. *Stone v. Mo. Dep't of Health and Sr. Servs.*, 350 S.W.3d 14, 20 (Mo. banc 2011).

On January 10, 2011, the Division received a hotline call reporting child sexual abuse by Birdsong against the victim.[3] Birdsong was arrested the next day and two separate administrative actions were instigated against him. The first was a child protection services investigation by the Division to either substantiate or refute the alleged actions against the victim. The second was a disciplinary action filed months later by the Missouri Department of Elementary and Secondary Education ("DESE"). The disciplinary action was filed pursuant to section 168.071.1, which authorizes the Board of Education to request that Birdsong's teaching certificate be "disciplined" for a violation of 5 CSR 80-800.300(1)(C)[4] where there is "evidence of the certificate holder's incompetence, immorality, or neglect of duty." Birdsong was placed on administrative leave and later voluntarily resigned from his teaching position.[5]

Three months after the hotline call, the Division's Out of Home Investigation Unit ("OHI") completed its investigation and concluded that Birdsong had committed "sexual maltreatment" of the student victim.[6] Birdsong appealed the Division's finding. Two months later, the OHI upheld the Division's finding and referred it to the Child

---

[3] Due to public policy considerations, the identities of both the victim and the reporter are entitled to anonymity. *See Jamison v. Mo. Dep't of Social Servs.*, 218 S.W.3d 399, 416 (Mo. banc 2007).

[4] This was the regulation in effect at the time of the charge. It has since been renumbered as 5 CSR 2-400.230.

[5] The results of the action by DESE against Birdsong's teaching certificate are not before the court in this action; rather, only the separate action by the Division is before us. The outcome of the DESE hearing is alleged by the State in its brief to be that Birdsong's teaching certificate was revoked. This court denied the State's motion to supplement the record before us with the records from DESE, but at oral argument Birdsong's counsel acknowledged that his teaching certificate was revoked and that decision was not appealed.

[6] "Sexual maltreatment" is a definition found in the Division's Child Welfare Manual. It is not, however, contained in a statute or regulation; therefore, the trial court found that the Division's determination was based on an erroneous legal definition.

3

Abuse/Neglect Review Board ("CANRB")[7] for an administrative review. In Birdsong's written request for review, he admitted to kissing the student, making comments about looking down her shirt while she was in the school, and receiving a picture of her topless. Following a hearing, the CANRB affirmed the finding of sexual abuse and ordered that Birdsong's name be placed on the "central registry."[8]

Birdsong filed a Petition for De Novo Review in the Circuit Court of Cole County, alleging that the Division improperly used definitions of child sexual abuse that did not comport with statutory definitions, thereby making its determination and subsequent placement of his name on the central registry, erroneous. He then filed a motion for summary judgment. The Division did not file a response to the motion for summary judgment, but did appear and argue against the grant of the motion before the trial court. The trial court granted Birdsong's motion for summary judgment and reversed the Division's determination, finding that it erroneously employed a non-statutory definition of sexual child abuse and that Birdsong's conduct did not fall within the definitions of "sexual abuse of a child" in the statutes or regulations.[9]

After being granted judgment in the Division's action but before the judgment was final, Birdsong filed a motion to recover attorney's fees. Birdsong agrees that, under

---

[7] Our Supreme Court has noted that the CANRB is not made up of division employees but of volunteers appointed by the governor and representing a cross-section of society. *See Jamison*, 218 S.W.3d at 413 n.15.

[8] The central registry is a list of perpetrators of child abuse and/or neglect or persons convicted of certain listed crimes against children. § 210.110(3). All statutory references are to RSMO 2000 cumulative as currently supplemented unless otherwise noted.

[9] The Division is not appealing this finding or the grant of summary judgment to Birdsong. It is appealing only the award of attorney's fees to Birdsong based on the Division's actions.

4

existing case law interpreting section 536.087,[10] the CANRB review is not a contested case, which is a requirement for an award of attorney's fees under chapter 536.

Birdsong argues that he is entitled to an award of attorney's fees under an exception to the American Rule doctrine. The American Rule states that each party should bear his or her own attorney's fees unless a recognized exception applies. Birdsong contends that "special circumstances" exist in this case that meet such an exception.[11] Birdsong argues that, because the Division relied on internal definitions of child sexual abuse that were not properly promulgated or codified, its conduct was more egregious and constituted "special circumstances." Attached to his motion was his counsel's billing statement for services in the amount of $34,451.84. Also attached was an affidavit from an expert witness who was a local attorney attesting to the reasonableness of the total fees and to the $275 hourly billing rate. Included among his counsel's fees were time and expenses related to Birdsong's criminal matter, the DESE action, the Division's investigation of the hotline call, the CANRB review, the subsequent petition for *de novo* review filed in circuit court, as well as the motion for summary judgment.[12]

The trial court granted the motion for attorney's fees, finding, *inter alia*, that "special circumstances" existed which were that the Division knowingly and intentionally applied "its own internal standard for child sexual abuse and child abuse which are contrary to the Code of State Regulations and Missouri Statutes" in determining that

---

[10] *Lipic v. Mo. Dep't of Social Svcs.*, 93 S.W.3d 839, 842 (Mo. App. E.D. 2002).

[11] Exceptions to the American Rule are discussed *infra*.

[12] Counsel for Birdsong acknowledged at oral argument that approximately $3,000 of the total bill was associated with the DESE action.

5

Birdsong had committed abuse against this victim. The court then awarded Birdsong's counsel the full amount of fees requested. This appeal follows.

## ANALYSIS

In Point I, the State argues that the trial court erred in awarding attorney's fees because there was no statutory authority to do so and Birdsong does not fall within any recognized exception to the American Rule. In Point II, the State contends that the trial court further erred by awarding attorney's fees related to the DESE's separate disciplinary action because Birdsong's defense of that action does not fall within the "collateral litigation" exception, nor any other exception, to the American Rule. Because we agree with the State on Point I, we do not reach Point II.

### Standard of Review

Whether an award of fees and expenses pursuant to section 536.087 was made contrary to law or in excess of the court's or agency's jurisdiction or authority raises a question of law which we review *de novo.* *Baker v. Dep't of Mental Health*, 408 S.W.3d 228, 232 (Mo. App. W.D. 2013). Moreover, "[w]hether an award of fees and expenses is supported by competent and substantial evidence is judged by examining the record as a whole." *Id.* (citation omitted). "The evidence is *not* viewed in the light most favorable to the [ ] decision." *Id.* (citation omitted).

### Discussion

"Under the 'American Rule,' orders requiring one party to pay another party's attorney's fees or other expenses ordinarily are not permitted unless the parties' contract or a statute authorizes the court to make such an award." *Garland v. Ruhl,* 455 S.W.3d

6

442 (Mo. banc 2015) (citations omitted). "Even when a statute allows a court to award attorney's fees, the doctrine of sovereign immunity prohibits Missouri courts from ordering the state to do so unless the legislature specifically waives that immunity." *Id.* (citing *Richardson v. State Highway & Transp. Comm'n,* 863 S.W.2d 876, 882 (Mo. banc 1993)). "Section 536.087 provides such a waiver under specified circumstances, and such waivers are to be strictly construed." *Id.* (citation omitted).

"Section 536.087 waives sovereign immunity only 'for *unjustified positions* by state agencies in contested administrative cases.'" *Id.* (citation omitted) (emphasis in original). It provides as follows:

> A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, *unless the court or agency finds that the position of the state was substantially justified* or that special circumstances make an award unjust.

§ 536.087.1 (emphasis added).

> As used in section 536.087, the following terms mean:
>
> (1) "Agency proceeding", an *adversary proceeding in a contested case* pursuant to this chapter *in which the state is represented by counsel*, but does not include proceedings for determining the eligibility or entitlement of an individual to a monetary benefit or its equivalent, child custody proceedings, eminent domain proceedings, driver's license proceedings, vehicle registration proceedings, proceedings to establish or fix a rate, or proceedings before the state tax commission;

§ 536.085(1) (emphasis added).

## A. Decision of the CANRB Does Not Fall Under Section 536.087

To qualify for fees under the statute, Birdsong's award of fees must be as a result of an adversary proceeding in a contested case in which the State is represented by

7

counsel. § 536.085(1). Birdsong correctly points out that the issue of whether the decision affirmed by the CANRB constitutes a contested case has already been decided by Missouri courts. In *Lipic v. Missouri Department of Social Services*, 93 S.W.3d 839, 842 (Mo. App. E.D. 2002), the Eastern District of our court held "that a CANRB hearing is not an 'adversary proceeding in a contested case' and therefore is not an 'agency proceeding.'" 93 S.W.3d at 843. "Thus, section 536.087 does not authorize an award of fees, expenses, or costs to the prevailing party in a CANRB hearing or a civil action arising therefrom." *Id.* Ten years later, this court came to the same conclusion in *Goines v. Missouri Department of Social Services*, 364 S.W.3d 684 (Mo. App. W.D. 2012).

Thus, based on *Lipic* and *Goines*, the Division's decision and its review by the CANRB fall outside the purview of the statute, making an award of attorney's fees based on section 536.087 impermissible. Because section 536.087 does not apply, and Birdsong points us to no other statute permitting an award of fees under these facts, the exception to the American Rule authorizing an award of fees if authorized by statute does not apply.

**B. The Unusual Circumstances Exception to the American Rule Does Not Apply**

The gist of Birdsong's argument is that this case falls under the exception to the American Rule, "where very unusual circumstances exist so it may be said equity demands a balance of benefits . . . ." *Gerken v. Sherman,* 351 S.W.3d 1, 13 (Mo. App. W.D. 2011) (internal quotation omitted). "Unusual circumstances" have been found where a party's conduct is "frivolous, without substantial legal grounds, reckless or punitive." *Goralnik v. United Fire & Cas. Co.,* 240 S.W.3d 203, 211 (Mo. App. E.D.

8

2007) (internal quotation omitted). However, our Supreme Court has noted that "Missouri courts 'have very rarely found the very unusual circumstances that permit the award of attorneys' fees' in the absence of statute or contract, and listed numerous examples where such claims were denied."[13] *Goralnik*, 240 S.W.3d at 212 (citing *David Ranken Jr. Technical Institute v. Boykins*, 816 S.W.2d 189, 193 (Mo. banc 1991) (special circumstances were *not* found even where acts of fraud and conspiracy were confirmed).

On the other hand, "unusual circumstances" were found where a party blatantly disregarded a Supreme Court mandate which necessitated that another action be filed by the aggrieved party. *See Grewell v. State Farm Mut. Auto. Ins. Co.,* 162 S.W.3d 503, 507 (Mo. App. W.D. 2005) (a party refused to comply with a Supreme Court mandate to produce documents, causing a second declaratory judgment action to be filed, special circumstances justified an award of attorney's fees). "Special circumstances" have also been held "in unusual or 'extremely complicated' cases in which the parties have had to take novel legal actions to achieve a result." *Lipic*, 93 S.W.3d at 843 (citation omitted).

Here, the facts or legal issues did not rise to the level of extremely complicated. Indeed, most of the relevant facts of the incident were admitted by Birdsong in his request for administrative review; the only fact that appeared to be in dispute was whether he requested the topless photo that the victim sent to his cell phone or the victim sent the photo absent a request from Birdsong. As for legal complexities, the only legal argument made by Birdsong was that his actions did not fit the statutory definition of

---

[13] Birdsong makes no allegation that he had entered into any form of a contract with the Division which would provide for attorney's fees to be assessed; thus, the contract exception to the American Rule is also inapplicable.

"child sexual abuse," thus making the inclusion of his name on the central registry erroneous. There were no novel legal theories presented; rather, Birdsong merely argued statutory construction.

We acknowledge that Birdsong's counsel is extremely well respected in the legal community and based on the record before us, provided outstanding legal representation of Birdsong throughout this matter. However, we fail to see how a state agency taking administrative action to protect a child from these types of admitted and grossly inappropriate acts by a school teacher and coach could rise to the level where equity would require a balance of benefits in favor of the teacher.

## C. The State's Position Was Substantially Justified

Birdsong argues that the findings of the trial court confirm that the Division's position was not substantially justified, which is a back-door argument to apply section 537.087.1. The trial court found that under 13 CSR 45-2.010(2)(A), Birdsong's actions did not fall within the definition of "child abuse" as there was no allegation or proof by the Division of any "physical injury or emotional abuse" inflicted on the victim. It further found that Birdsong's conduct did not fall within the definition of "child sexual abuse" under 13 CSR 45-2.012[sic](2)(E) because that regulation applies by its terms only to a child victim who is under the age of seventeen and the victim in this matter was seventeen at the time of Birdsong's actions. Further, although the Division brought its action against Birdsong for "sexual maltreatment," the definition of "sexual maltreatment" which it used has never been adopted in a statute or regulation. And by

10

failing to file an answer to Birdsong's motion for summary judgment, it was unable to develop any additional grounds to proceed against Birdsong before the motion was heard.

Despite these findings, we disagree that the Division's decisions were not "substantially justified." Indeed, the legislature expressly cautioned that the result of the agency proceeding or civil action "creates no legal presumption that its position was not substantially justified." § 536.087.3

Here, the victim was under the age of eighteen which means that, by statute, she was a "child." § 210.110(4). The Division received a hotline call regarding sexual abuse against her by a teacher, the facts of which were wholly substantiated through an independent investigation. The Division's "Child Welfare Manual," addressed the factual scenario that occurred, terming it "sexual maltreatment":

> Sexual Maltreatment - (As reportable under the Child Abuse/Neglect Law). The use, persuasion, inducement, enticement or coercion of any child under the age of 18, to engage in, or having a child assist any other person engage in, any sexually explicit conduct by those responsible for the child's care, custody or control.

The Division operated under an assumption that "sexual maltreatment" was statutorily reportable under the Child Abuse/Neglect Law and was statutorily equivalent to sexual child abuse. Although the circuit court later held this to be incorrect, a finding of an incorrect position taken by the State does not mean that the decisions of its agency were not substantially justified. *Hernandez v. State Bd. of Registration for Healing Arts*, 936 S.W.2d 894, 903 (Mo. App. W.D. 1997) (citation omitted). In light of the fact that our legislature has instructed the Division that "the safety and welfare of children is

11

paramount," we do not find the decisions made by the Division and CANRB to be unjustified.[14] § 210.112.1(1).

Under the facts of this case, where Birdsong's admitted conduct is particularly egregious in light of his position as a teacher and coach, we refuse to find "unusual circumstances" such that equity would demand Birdsong be compensated for attorney's fees he expended in defending this action.

**D. The Collateral Litigation Exception to the American Rule Does Not Apply**

Another exception to the American Rule is designated as the "collateral litigation exception." *Gerken,* 351 S.W.3d at 13 (internal citations omitted). "Where the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorneys' fees necessarily and in good faith incurred in protecting himself from the injurious consequence thereof are proper items of damages." *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. banc 2009). As this court has previously held, in order "[f]or the collateral litigation exception to be applicable, the plaintiff must have incurred attorney's fees in a different cause of action, involving a different party, caused by a breach of duty by the defendant." *Collier v. Manring*, 309 S.W.3d 848, 853 (Mo. App. W.D. 2010) (citation omitted). The Eastern District of our court held that "collateral litigation occurs when a person breaches a contract causing one of the other parties to sue or be sued by an outside third party." *Goralnik*, 240 S.W.3d at 212 (citation and internal quotation marks omitted).

---

[14] We do find that the Division's reliance on the definition of "Sexual Maltreatment" contained in its manual was not appropriate, as that definition is not found in any statute or regulation. Future reliance by the Division on the definition of "Sexual Maltreatment" as contained within its manual will no longer be substantially justified following the finality of this opinion absent that definition's proper adoption in statute or regulation.

12

Birdsong argues that the collateral exception applies with respect to the DESE disciplinary matter filed against his teaching certificate because it was instigated after the erroneous finding by the Division and CANRB. He is incorrect. While the hotline call to the Division may have given rise to DESE's actions to revoke Birdsong's teaching certificate, it was Birdsong's admitted inappropriate actions against the victim which caused DESE to take action regarding his teaching certificate. The DESE matter was not collateral to the Division's decision; rather, it was collateral to Birdsong's inappropriate behavior with a female student as made known to Birdsong's superiors following a hotline call. Thus, the collateral litigation exception does not apply under these facts.

For all of the reasons stated above, Point I is granted.

## CONCLUSION

Pursuant to section 536.087.7, we reverse and vacate the trial court's attorney's fee award because it was contrary to law.

_____
Gary D. Witt, Judge

All concur

13