

# Missouri Court of Appeals

## Southern District

### Division One

ROBERT S. WHITMORE,                )
Duly Appointed Trustee for the Bankruptcy )
Estate of NANCY BILLOW,            )
                                   )
      Plaintiff-Appellant,    )
                                   )
      v.                      )    No. SD36164
                                   )
BLH DEVELOPMENT COMPANY,           )    Filed:  March 25, 2020
LLC, et al.,                       )
                                   )
      Defendants-Respondents.  )

APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Laura Johnson, Special Judge

## AFFIRMED

Robert S. Whitmore ("Appellant")[1] entered into a contract to purchase a

condominium with BLH Development Company, LLC ("BLH") on March 2, 2006.  The

contract included an escrow agreement for Appellant to deposit $37,580 into an escrow

account to be held and disbursed by Tri-Lakes Escrow, Inc. ("Tri-Lakes").  That

agreement provided that after BLH had expended at least $250,000 in connection with

---

[1] Appellant is technically the trustee for the bankruptcy estate of Nancy Billow.  As such, he stands in the shoes of Ms. Billow.  We use the term Appellant, for ease of discussion, when referring to Ms. Billow.

1

the hotel and condominiums, the escrow agent shall disburse the funds as set forth in draw requests submitted by BLH.[2] On June 19, 2006, Appellant's deposit was released from the escrow account by Tri-Lakes to an entity named Branson Landing Hotel, LLC ("BLHLLC").[3] Appellant did not close on the condominium. Five years later, Appellant filed suit in three counts for the return of her escrow money: first, a claim under the Missouri Merchandising Practices Act ("MMPA") against BLH; second, a claim under the MMPA against Tri-Lakes; and third, a claim for fraudulent transfer under section 428.024[4] against BLH and BLHLLC. The trial court found in favor of all the defendants. Appellant now appeals, bringing six points. Finding no error, the judgment is affirmed.

In Point I, Appellant claims the trial court failed to make requested findings of fact and conclusions of law. The specific findings of fact involve the duration of the condominium purchase agreement and various provisions of the closing agreement. As noted above, Appellant did not bring a claim for breach of contract by any of the defendants and does not here on appeal, as set forth below, bring any claim of error regarding a breach of contract by defendants. "The failure of a trial court to make findings of fact which were properly requested does not always require reversal."

---

[2] Paragraph 2 of the Escrow Agreement states as follows:

> During the period commencing on the Effective Date [March 2, 2006] and continuing until the earlier of (a) the Closing Date, or (b) the date that all Escrowed Funds have been disbursed (the "Term"), the Escrow Agent shall disburse the Escrowed Funds as follows. After the Seller [BLH] has expended at least of [sic] Two Hundred Fifty Thousand Dollars ($250,000.00) in connection with the design, development and/or construction of the Convention Center Hotel, the Penthouse Condominium, or any portion thereof, including easements, supports, infrastructure, or other related items (the "Project"), the Escrow Agent shall disburse all or any portion of the Escrowed Funds for any amounts set forth [sic] any AIA Draw Requests submitted by Seller [BLH] for the Project in accordance with Escrow Agent's standard construction disbursement guidelines.

[3] BLH is a "wholly owned subsidiary" of Branson Landing Hotel, LLC.

[4] All references to statutes are to RSMo 2016, unless otherwise specified.

*Ratteree v. Will*, 258 S.W.3d 864, 872 (Mo.App. E.D. 2008).  We reverse only when such failure materially interferes with our ability to review the points on appeal.  *Id.* None of the requested findings identified by Appellant have any bearing on the issues raised in this appeal and do not impede our review.  Point I is denied.

In Point II, Appellant appears to be claiming that though Count I requested relief under the MMPA, Count I actually stated a claim for conversion in addition to the claim under the MMPA.  The problem with Appellant now claiming that Count I was actually a claim for conversion is that Appellant at no time put the trial court on notice that she was claiming a conversion cause of action.  At the beginning of the trial, the trial court noted: "We're proceeding today on Counts I, II, and III of the First Amended Petition, Counts I and II being claims under the Missouri Merchandising Practices Act, and then Count III being a claim for fraudulent transfer under Section 428.024."  Appellant did not claim otherwise.  During the trial, Appellant's counsel, when trying to submit attorney fees, stated:  "you know, we don't even have to submit these bills to make a claim under the MMPA for attorneys fees."[5]

Furthermore, in its findings of fact and conclusions of law, the trial court listed Count I as an MMPA claim.  In its docket entry denying Appellant's motion for new trial, the trial court noted:

---

[5] If Count I had stated a claim for conversion, Appellant would not have been entitled to attorney fees as she did not plead, argue or otherwise present to the trial court a contract, statute, or other exception to the American Rule that would entitle her to recover attorney fees incurred in litigating a claim for the tort of conversion.  *See **Missouri Property & Casualty Insurance Guaranty Association v. Pott Industries***, 971 S.W.2d 302, 306 (Mo. banc 1998) ("The general rule is that absent statutory authorization or contractual agreement, with few exceptions, each litigant must bear his attorney's fees.  The few exceptions are limited to those cases involving very unusual circumstances or where the natural and proximate result of a breach of duty is to involve the wronged party in collateral litigation." (internal quotations and citations omitted)); ***Birdsong v. Children's Division, Missouri Department of Social Services***, 461 S.W.3d 454 (Mo.App. W.D. 2015) (discussing the American Rule and exceptions to that rule).

> [Appellant] claims for the first time that Count I was a claim for the tort of conversion instead of for violation of the [MMPA]. The Court notes that it clarified prior to the bench trial that Count I was a claim under the MMPA. [Appellant] never indicated during the nine-year pendency of this case that Count I was a claim for the tort of conversion.

"'Courts have power to decide only those questions which are presented by the parties in their pleadings.'" *Springfield Land and Dev. Co. v. Bass*, 48 S.W.3d 620, 630 (Mo.App. S.D. 2001) (quoting *Sisk v. McIlroy and Associates*, 934 S.W.2d 567, 571 (Mo.App. S.D. 1996)). "While Rule 55.33(b) permits the amendment of pleadings to conform to the evidence, in order for the evidence admitted without objection to amend the pleadings by implication or consent, that evidence must bear only on the new issue and not be relevant to an issue already in the case." *Id.* We will not convict the trial court of error for not addressing an issue that was not previously presented. Rule 78.07;[6] *see Brown v. Brown*, 423 S.W.3d 784, 787-88, n.5 (Mo. banc 2014) ("An issue must be presented to the trial court to be preserved for appeal."). Point II is denied.

In Point III, Appellant alleges that the court erroneously applied and declared the law[7] in ruling against her on the "conversion" claim that she argues was part of Count I. For the reasons stated above, we deny Point III.[8]

---

[6] Rule 78.07(b) (2019) states:

> Except as otherwise provided in Rule 78.07(c), in cases tried without a jury or with an advisory jury, neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review if the matter was previously presented to the trial court.

[7] We have addressed the claim as erroneously applying the law despite the fact that the two claims of error are separate and distinct. We do so only because of our finding on Point II that conversion was not raised to the trial court, which negates the need for an elaborate explanation of all the reasons why Point III fails.

[8] We further note that a claim for conversion requires that a plaintiff plead and prove three essential elements: (1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of right to possession. *Belden v. Belden*, 389 S.W.3d 717, 723 (Mo.App. S.D. 2012). As discussed in the facts above, Appellant would fail on a conversion claim even if it had been submitted.

In Point IV, Appellant brings a substantial evidence challenge to the trial court's denial of her claim under Count I but does not mention the MMPA in the entire argument. The trial court found Count I failed because the purchase of the condominium unit was not a purchase of merchandise under the MMPA. The trial court also made a finding that the MMPA claim failed because Appellant was not purchasing the condominium unit for "personal, family or household purposes" as required by section 407.025.1. Neither of those findings are challenged in Points IV or V. Instead, Appellant argues sufficient evidence existed to support a claim for a breach of contract claim. Appellant did not bring a claim for a breach of contract in this action. Point IV is denied.

Likewise, the claim in Point V that the trial court misapplied the law in entering the judgment for BLH on Count I because BLH was "contractually" not entitled to retain the deposit must be denied. First, Count I was not a breach of contract claim. The trial court did not enter findings on a breach of contract claim. Appellant sought relief under the MMPA but, under the evidence presented to the trial court and not challenged in this appeal, was not entitled to such relief. The contractual obligations of any party to retain the deposit have no bearing in this appeal. Point V is denied.

In Point VI, Appellant claims:

> The trial court erred in entering judgment against [Appellant] under Count III because the judgment erroneously applied and declared the law in that the trial court's ruling was based on a misinterpretation of Count III, [Appellant] was a "creditor" with a "claim" against BLH with respect to the deposit, [Appellant's] deposit was transferred to Branson Landing Hotel rather than BLH without any reasonably equivalent value in exchange, and BLH was or became insolvent due to the transfer.

---

Appellant put the money in an escrow account with directions for when the money was to be disbursed according to the escrow agreement. At the time it was disbursed by the escrow agent, Appellant was not entitled to possession of it nor was the money in the possession of BLH. In fact, Appellant does not even allege that she had a right to possession of the deposited funds at the time of the alleged conversion. Again, we note Appellant does not claim entitlement by a breach of the contract.

It is not clear from the point what Appellant is claiming. It appears to be another claim that the trial court erroneously applied and declared the law in entering judgment on Count III. It is the logical progression that confounds us. The logic appears to be: BLH and BLHLLC were basically alter egos of each other. When the transfer from the escrow account to BLHLLC was made, BLH was then left without any remaining business or assets, thus, the transfer to BLHLLC was fraudulent.

What is not clear is how Appellant then had a "claim" as a creditor against BLH or BLHLLC. Because Appellant had no cause of action under the MMPA (Count I), the claim it brought, it follows that Appellant is not a creditor of BLH or BLHLLC. The actions between BLH and BLHLLC have no bearing in this lawsuit or appeal. Point VI is denied.

The judgment is affirmed.

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J., – Concurs

William W. Francis, Jr., J., – Concurs

6